JOSEPH S. BAILEY AND SAMUEL BAILEY,

*vs.*

JOSEPH T. BAILEY AND HENRY LATIMER, EXECUTORS OF JOSEPH BAILEY, DECEASED.

*New Castle, Sept. T.* 1843.

Principles upon which a court of equity controls the exercise of a power to appoint new trustees.

The court will not prevent the exercise of a discretion given for the appointment of trustees, but will see that it has been duly exercised, so

as to subserve the purposes contemplated in the creation of the power.

The *cestui que trust,* under a devise of a fund in trust, being authorized, upon the death or refusal of the trustee to act, to appoint "a suitable person" to act in his place—*Held,* that the son of the *cestui que trust*—a young man and without property—was not such "suitable person," nor was he entitled to a decree for the delivery of the trust funds, without security first given to the satisfaction of the Court.

Joseph Bailey, by his will dated Feb. 10th, 1843, devised the residue of his estate equally to his two sons, one of whom was Samuel Bailey. By a codicil he devised the share before given to Samuel to John R. Latimer, in trust for the benefit of the said Samuel Bailey and his wife, during their joint lives and the life of such survivor; and, after the death of the survivor, he directed that the estate held in trust should pass to the said Samuel's heirs-at-law. The codicil provided that if John R. Latimer, the trustee appointed, should refuse to act, or die before the execution of the trust, the said Samuel might appoint "a suitable person" as trustee, who should have all the power of a trustee under the will. On the testator's decease Latimer declined the trust; and thereupon Samuel Bailey appointed his son, Joseph S. Bailey, to be the trustee. This bill was filed by Joseph S. Bailey, as such trustee, against the defendants, as executors of the testator, for a transfer to him of Samuel Bailey's share of the estate. The question raised at the hearing was whether the complainant was "a suitable person" within the provision of the will.

*W. H. Rogers* and *J. M. Clayton* for the complainants.

*E. W. Gilpin* for the defendants.

JOHNS, JR., CHANCELLOR.—Before considering the question whether the party complainant is entitled to an unconditional decree, I will advert to the power or jurisdiction of this Court over the discretion of the party in

making the appointment. It has been supposed that the power having been granted to Samuel Bailey to make the appointment, this Court has no jurisdiction to control the discretion of the person to whom the testator has confided the exercise of the power. There are cases in which the exercise of a power by a person under a will cannot be interfered with by this Court; but this is not such, and even in those cases, if the party, in the exercise of the appointing power, should appoint the funds, over which he has the right of distribution, to himself, the abuse of the power would be corrected. In this case the testator has not authorized the appointment to be made by Samuel of such a person as he should consider suitable, so as to render his opinion conclusive, but has qualified the exercise of the power by requiring " a suitable person" to be appointed. The power of appointment under this will is not conferred in so unqualified a manner as it was granted in *Webb vs. Shaftesbury,* 7 *Ves. Jr.* 480, in which the testator thus expressed the grant : "I do hereby authorize and empower the said Edward Arrowsmith, at any time during his life, by any deed or instrument under his hand and seal, to nominate and appoint one or more person or persons to be a trustee or trustees for all or any part of the purposes and trusts in this my will contained, and who shall act in all things as fully and effectually as the said Edward Arrowsmith; and he and they shall, upon the death of the said Edward Arrowsmith, be entitled to the same commission which I have given to him; and, when such new trustee or trustees shall be so nominated and appointed as aforesaid, I direct the said Edward Arrowsmith to convey, assure, assign and transfer, all my real and personal estate into the names of himself and such new trustee or trustees." The argument of the counsel in that case relied upon the same matters which have been urged in reference to the exercise of the power of appointment under the will of Joseph Bailey. Lord Chancellor Eldon says, " the defendant ap-

pears to me to have no interest whatsoever in the act of appointing a new trustee. If it stands upon this clause alone, he has no other discretion with regard to the appointment of a new trustee than trustees in ordinary cases. It is true, he can, by the appointment of a trustee, convey a much more extensive interest than a trustee appointing a new one in general cases can. But that circumstance does not at all affect the control of the Court over his discretion, though it imposes upon the Court a duty more especially to take care that its own discretion is wisely exercised; for when such a remuneration is given to the new trustee as Mr. Arrowsmith can give, no one motive ought to operate upon him in the appointment but to do the very best thing, not for himself or the persons whom he is to appoint, but for those whose interests they are to take care of. There is no doubt, therefore, of the control of the Court over his discretion. It does not prevent the exercise of his discretion, but takes care that it shall be duly exercised. In the ordinary case, trustees, parties to the suit, will not be allowed to change the trustees without the authority of the Court. There is no doubt the Court will restrain ; and it is not a sufficient answer that the Court will take care to prevent the consequences ; for the mischief is in a great measure done by the appointment, *i. e.* the necessity of getting back the legal estate. It is enough to say, the Court does not permit the discretion to be exercised except under the direction of the Court." If, in the case I have adverted to, the Chancellor, when the person authorized to appoint had no interest, considered it necessary to control the exercise of the discretionary power, how much more essential is it that the exercise of the power in the hands of a person interested in obtaining possession of the fund should be controlled, and that his discretion should not be permitted to be exercised except under the direction of the Court, and only in such a manner as will take care of the interests of the trust, or so as to do the very best thing, not for him-

self or the person whom he appoints, but for those whose interests he is to take care of.

In *Brown vs. Higgs*, 8 *Ves. Jr.* 570, a distinction is very properly taken by Lord Chanceller Eldon, that " where there is a mere power of disposing and that power is not executed, this Court cannot execute it. It is equally clear, that whenever a trust is created, and the execution of that trust fails by the death of the trustee or by accident, this Court will execute the trust. But there are not only a mere trust and a mere power, but there is also known to this Court a power which the party to whom it is given is entrusted and requested to execute; and with regard to that species of power the Court consider it as partaking so much of the nature and qualities of a trust, that if the person who has that duty imposed upon him does not discharge it, the Court will to a certain extent discharge the duty in his room and place." After referring to the several cases establishing the rule, the Chancellor observes, " the principle of that case (*Harding vs. Glyn*, 1 *Atk. R.* 469) and of *Richardson vs. Chapman*, 5 *Bro. Parl. Cas.* 400, which went to the House of Lords, and all these cases, is that if the power is a power which it is the duty of the party to execute, made his duty by the will, put upon him as such by the testator, who has given him an interest extensive enough to enable him to discharge it, he is a trustee for the exercise of the power, and not as having a discretion whether he will exercise it or not; and the Court adopts the principle as to trusts, and will not permit his negligence, accident or other circumstances to disappoint the interests of those for whose benefit he is called upon to execute it."

In the present case the appointment has been made by Samuel Bailey under a power contained in the will authorizing him to appoint " a suitable person" as trustee, in case of the death of John R. Latimer or his refusing to

act. In order to arrive at a correct conclusion upon this subject it becomes necessary to consider the object and design of the testator in creating the trust, and also the reason why the power of appointing a trustee was conferred on his son Samuel. It is apparent the testator created the trust to prevent the fund ever becoming liable to pay the then existing debts of his son Samuel, and designed to secure it in the hands of a trustee who could not part with the legal title, so as to place it under the control of his son, without being guilty of a breach of trust. At the same time that he thus guarded the capital he allowed to his son the use and benefit of the income, and also required his consent in the change of investment. Having thus secured the legal title and expressly provided against the same becoming subject to the control of his son while indebted, and yet allowing him the interest and the exercise of his judgment, so far as to assent or dissent as to any change of investment, it was reasonable and proper, if the trustee appointed died or refused to act, that he should confer upon the *cestui que trust* the power to appoint a new trustee, provided he appointed " a suitable person." Thus qualifying the exercise of the power of appointment, he conferred it. It is not granted absolutely and to be exercised irrespective of the trust; but is expressly intended to be exercised to preserve the trust and give effect to the testator's intention; which intention evidently was that the legal estate should not be subject to the control of his son, Samuel, until he had discharged all his debts except that due to the Bank of Delaware. When free from embarrassment the father was willing again to confide to his son the fund he intended for the support of him and his family; but not until then. Having in view this object he has created the trust, and in his appointment of a trustee has made such a selection as, had the individual accepted, would have fully accomplished the object contemplated by the testator; for the property of John R. Latimer afforded

ample security for the faithful discharge of the trust.    He having declined and the son, under the power contained in the will authorizing him to appoint " a suitable person," having appointed his own son, a young man of moral character but not appearing from any evidence before me to be possessed of any property, asks a decree of this Court, as against the executors, for the transfer of the property to him as a suitable person.    Regarding the relation of the person appointed to the trust, as being that of a son to a father, and consequently subject to his influence and control, if we consider the object of the testator in creating the trust the appointment could not be considered such as the testator contemplated when he directed that " a suitable person" should be appointed.    But when, further, it does not appear that the son thus appointed has any property independent of his father, and such in the present case I have a right to presume to be the fact, as I have no evidence of any property, which, if belonging to him, no doubt would have been set forth, it may with propriety be said the power has not been exercised as intended by the testator, and the person thus appointed and asking for the trust fund by a decree of this Court, cannot be considered as entitled thereto, unless upon such terms as will fully protect and secure the trust fund over which this Court has jurisdiction and is bound to take care that it be applied according to the intention of the testator.

A decree was entered to the effect, that upon the execution by the trustee of a bond for the faithful performance of the duties of the trust, with surety to be approved by the Chancellor, the executors of Joseph Bailey, deceased, should deliver to him the trust fund.