JAMES A. WILCOX AND OTHERS' APPEAL FROM PROBATE.

Hartford District, October T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, JS.

A testator, after making bequests to his widow, his daughter and certain other near relatives, gave the residue of his estate to three trustees, of whom his daughter was one, who were to hold the property during the life of the daughter and pay her the income, and on her death without children attaining the age of twenty-one, the trust was to cease and the property to be divided into sixteen equal shares and distributed among relatives named; and in case a vacancy should occur among the trustees a trustee to fill it was to be "nominated to the judge of probate by at least one third of the devisees above named." Held—1. That by "devisees above named" the testator intended only those who were ultimately to participate in the trust fund, and not all the beneficiaries under the will.—2. That the probate court had the right for good cause to refuse to appoint a person regularly nominated as a trustee.—3. That the mere fact that a person nominated as a trustee lived in another state was not a sufficient reason for rejecting him.

[Argued October 6th—decided December 29th, 1886.]

APPEAL from two probate decrees, one appointing a certain person as trustee under a testamentary trust and the other refusing to appoint another person; taken to the Superior Court in Hartford County, and heard before *Andrews, J.* Facts found, and the decree first mentioned reversed, and no action had on the other. Both parties appealed. The case is fully stated in the opinion.

*C. E. Perkins*, for the original appellants.

*T. M. Maltbie*, for the original appellees.

CARPENTER, J.   A testator made provision for his own family, a brother, a nephew, and a niece ; and then gave the residue of his property in trust for his daughter.   At her decease, without children, the property so held in trust is to be divided into sixteen equal shares which are given to the persons named.   Immediately following the disposition of the trust property is the twenty-second clause of the will, which reads as follows :—" I give and devise all the said trust fund, and also to include all the estate of every kind which I shall own at my decease, not otherwise disposed of by this will, to the above named devisees in manner as above named, to said devisees, to them and to their several heirs forever."   In the twenty-third clause he provides for a family monument.   In the twenty-fourth clause he repeats substantially his disposition of the trust fund as follows :—" It is to be understood, and it is my will, that after the decease of my wife Cordelia, and after the decease of my daughter Adelaide E., said Adelaide E. leaving no heirs of her body, such trust is to cease, and all of my estate of every kind is to be divided into sixteen equal shares, and to be distributed to the devisees above named or to their heirs, to be to them and their heirs forever."

The following clauses, to and including the thirty-first, relate to matters not material to our present inquiry.   The thirty-second clause, so far as material, is as follows :— " Should a vacancy occur of a trustee as above named, by death or otherwise, it is my will that a trustee to fill such vacancy shall be nominated to the judge of probate by at least one third of the devisees above named, and in like manner from time to time as such vacancy may occur, so that there shall be at all times at least two trustees during the continuance of said trust, to have charge of said trust fund."

A trustee's place became vacant.   Ten of the seventeen persons to whom the sixteen shares of the trust fund are given, nominated to the judge of probate as a suitable person to fill the vacancy, Lucius T. Wilcox of Illinois.   Five of said persons, uniting with the widow and daughter, nomi-

nated John W. Stedman. The probate court appointed Mr.
Stedman and refused to appoint Mr. Wilcox. An appeal
was taken from the decree appointing Mr. Stedman; and
also from the order refusing to appoint Mr. Wilcox. The
Superior Court reversed the decree appointing Mr. Sted-
man, but took no action on the decree refusing to appoint
Mr. Wilcox. Both parties appealed to this court.

Two questions are involved in the case on which both
appeals depend:—1. Does the expression, " *devisees above
named*," in the thirty-second clause of the will, include all
the beneficiaries previously named, or does it include only
those who are ultimately to participate in the trust fund?
2. Has the court of probate a discretion to refuse to appoint
a suitable person duly nominated according to the terms of
the will?

First. We think that the twenty-second and twenty-fourth
clauses use the expression, " devisees above named," as re-
ferring exclusively to those who are entitled to the fund at
the termination of the trust. Counsel for the appellees
contend that in the twenty-second clause it includes both
the widow and daughter, but concede that they are excluded
in the twenty-fourth clause. We think it is used in the
same sense in both. In the ninth the testator describes the
trust fund and names the trustees. In the tenth he disposes
of the income during the continuance of the trust. In the
eleventh, at the termination of the trust he divides the prin-
cipal into sixteen equal shares. In the twelfth to the twen-
tieth inclusive he names seventeen persons who are to take
those shares, one of the shares being given to two persons
jointly. In the twenty-first, which has no connection with
this subject, he gives a note to a nephew. In the twenty-
second he resumes and sums up the disposition he has made
of the body of the trust property. It will be noticed that
he describes the property in nearly the same language he
uses in the ninth and eleventh clauses—" All the said trust
fund, and also to include all the estate of every kind which
I shall own at my decease, not otherwise disposed of by this
will, to the above named devisees in manner as above named,

to said devisees, to them and to their several heirs forever."
There is here no reference to income. The language used
is appropriate to the gift of a fee, and not appropriate to
the gift of a life estate. The property referred to in this
clause is mainly, if not wholly, the trust fund; and as the
daughter takes no fee in that she is evidently not one of the
devisees here intended.

In the twenty-third clause he again drops the subject and
provides for a monument. In the twenty-fourth, lest he
should be misunderstood, he simply reiterates what he has
done by way of an explanation,—" It is to be understood,
&c." In this clause the reference is expressly to property
which is to be disposed of, and to persons who are to receive
it after the death of the daughter. Of course she cannot
be intended as one of the "devisees above named." Obvi-
ously the ninth, eleventh, twenty-second and twenty-fourth
clauses refer to the same property—the principal of the
trust. The eleventh, twenty-second and twenty-fourth
refer to its final disposition. The word "devisees" in the
last two sections refers to the persons who are to take the
property therein described. The income is not mentioned,
and there is no occasion to allude to the person who is to
take it. The thirty-second clause, in which the same ex-
pression is used, relates to the same fund and is practically
a continuation of the same subject matter. It should there-
fore receive the same construction, unless there is something
in the case which clearly indicates a contrary intention.
The only ground of distinction seems to be that the two
former clauses relate to the disposition of the fund after the
trust ceases, while the latter relates to the management of
the trust while existing. We see nothing in that distinction
which requires us to give the latter expression a different
meaning. The testator might for that reason have used it
in a different sense, but we fail to discover sufficient evi-
dence that he in fact did so.

If we assume, as perhaps we may, that the testator's in-
tention was that those interested in the fund should nomi-
nate trustees to fill vacancies, and consider that as the

reason for this provision in the will, then the widow will be excluded as well as the brother, nephew and niece. She has no interest in the trust fund. She is expressly excluded by the eighth clause—"What I have herein given to my wife Cordelia to be in lieu of and in full of her dower in my estate, and in full of her portion in all of the estate, real and personal, that I shall own at my decease."

The exclusion of the daughter is less specific, but may fairly be inferred. She is in no sense a devisee of the principal of the trust fund. The income only is given to her. As recipient of the income the testator would naturally desire that her interests should be fully protected. To that end he made her one of the trustees, and, in the thirtieth clause of the will, was careful to provide against any change in the investments except by the "united trustees." That afforded reasonable protection to her interests.

On the other hand he had regard to the interests of those in remainder. Thomas J. Wilcox, one of the trustees, was also a remainder-man. Watson. L. Wilcox, whom the testator appointed to succeed Thomas J. or Lucius Wilcox as trustee, was also a remainder-man. He evidently believed that he could safely commit the management of the trust to those interested in it. As all could not participate, he allowed all some influence, not a potent one, in nominating successors.

This construction excludes the widow and daughter from participating in nominating a trustee. The devisees remaining who nominated Mr. Stedman are less than one third of the whole. It follows that he was improperly appointed, and that there is no error in reversing that decree.

We think however that the Superior Court erred in not deciding the issue on the appeal from the order or denial of the court of probate in refusing to appoint Mr. Wilcox. That "denial" was distinctly appealed from, as well as the decree making an appointment, and an issue is raised on that appeal. We think it was the duty of the court to hear and determine that issue. Failing to do so is an error of which the appellants may justly complain. It was their

right to have that issue passed upon. That of itself entitles them to a new trial, unless we can see from the record that they are entitled to no relief on that issue. That presents the second question, whether the court of probate is bound to appoint a suitable person duly nominated as the will directs.

The statute of 1885, (Session Laws of that year, ch. 110, sec. 92,) by implication gives the power to testators not only to appoint trustees for testamentary trusts, but also to provide for the manner of filling vacancies. Such a provision is made in this will and no question is made as to its validity. The statute provides that if no such provision is made the court of probate may appoint, thus by clear and necessary implication recognizing the testamentary mode as the one to be pursued, when it exists to the exclusion of the statutory mode. The testator has indicated his will in this matter in a manner not to be mistaken or misunderstood, that the appointment shall be made upon the nomi· nation of at least one third of the parties in interest, provided a suitable and competent person is nominated. The court of probate would doubtless have power to reject the nominee for any cause impeaching his integrity or capacity. It may fairly be inferred from the fact that the action of the court of probate is invoked, that the testator intended that the nomination should be rejected for good cause shown. It is not a case for the exercise of discretion, but a case calling for the exercise of legal judgment.

Now in this case ten of the seventeen devisees named have united in nominating Mr. Wilcox, and he is the only person named by one third. No fact is disclosed showing him to be an incompetent or improper person for the place. The only objection here urged against him is that he does not reside in this state. But the testator himself appointed a non-resident, and he has not restricted the devisees in making a selection to residents. So far as we know the property may be so situated or so invested that it is desirable to have a trustee residing in the state of Illinois. On the other hand a non-resident may be an improper person

to appoint by reason of his being at a great distance from the scene of his duties, or by reason of the great expense attending the discharge of those duties.

We cannot say that mere non-residence is a sufficient cause for rejecting a nomination. As the case now stands it seems to have been the duty of the court of probate to appoint Mr. Wilcox.

For these reasons there is no error in reversing the judgment of the court of probate appointing Mr. Stedman; but the judgment of the Superior Court, so far as it allows the judgment of the court of probate denying the application to appoint Mr. Wilcox to stand, is erroneous, and must be reversed, and a new trial as to that matter ordered.

In this opinion the other judges concurred.