MARY M. YATES *et al.* Appellants, *vs.* EDWARD YATES *et al.* Appellees.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. TRUSTS—*estate of trustee is commensurate with his powers.* The estate of a trustee in the land which is the subject of the trust is commensurate with the powers conferred by the trust and the purposes to be effectuated by it.

2. SAME—*when trustee takes the legal estate:* Where a will devises real estate to a certain person as trustee, to have and to hold for the sole use and benefit of the testator's daughter during her life and if she dies without children then for the use of the testator's widow, if living, and at her death, there being neither child nor children of the daughter, the land to be equally divided among the testator's brothers and sisters, the trustee takes the legal estate, whether for years, for life or in fee.

3. SAME—*when new trustee takes legal title without conveyance from old trustee.* Where the testator, in creating a trust in real estate requiring the trustee to hold the legal title, authorizes the named trustee to appoint a successor in trust, the successor so appointed derives his title and his powers from the will, and no conveyance from the former trustee is necessary.

4. SAME—*general rule as to appointing trustees and successors.* The general rule in the appointment of trustees and their successors is, that any proper person may be appointed who is legally capable of executing the trust; but this rule does not give arbitrary power to a trustee to appoint as his successor a person unfit to execute the trust.

5. SAME—*a court of equity may prevent abuse of the trustee's power to appoint successor.* Although the creator of a trust may give the trustee unlimited power to appoint a successor, yet the trustee must still exercise a sound discretion in making his selection, and a court of equity has power to exercise control over such discretion to prevent its abuse.

6. SAME—*when trustee does not have unlimited power to appoint a successor.* Under a provision of a will authorizing the named trustee to appoint as his successor "some suitable person to execute said trust" the trustee does not have unlimited power to choose a successor, and he should not appoint a person who is disliked by the *cestuis que trustent* and who is hostile to them, even though he may be legally capable of executing the trust.

7. SAME—*contingent remainder-man should not ordinarily be appointed successor in trust.* A contingent remainder-man should not ordinarily be appointed as trustee of the land in which such remainder exists, and where his appointment was opposed by the *cestuis que trustent,* who are the life tenants, he should be removed by a court of equity upon proper proceedings being instituted for that purpose.

8. SAME—*court of equity will not ordinarily assume to exercise personal power of trustee.* Where a power given to a trustee indicates special confidence in the trustee and may be exercised or not, according to his personal judgment and discretion, a court of equity will not ordinarily assume to exercise the discretion, and the power will not ordinarily pass to a successor in trust appointed by the court.

9. SAME—*when power of trustee to turn over management of property is personal.* Power given by will to the trustee to turn over the management of the property to the *cestui que trust* for any period of time he may deem best will be regarded as based upon personal confidence in such trustee, where he was also appointed by the will as guardian of the *cestui que trust,* with full power and authority to manage her property.

APPEAL from the Circuit Court of Pike county; the Hon. ALBERT AKERS, Judge, presiding.

BROWNRIGG & MASON, PAUL F. GROTE, and WILLIAMS & WILLIAMS, for appellants.

A. G. CRAWFORD, and WILLIAM MUMFORD, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Pike county praying for the appointment of some suitable person, as trustee, to carry out the provisions of the will of William H. Yates, deceased, or if the court should find that Edward Yates had been legally appointed as trustee, that it remove him and appoint some disinterested, competent and suitable person in his stead. To this amended bill a general and special demurrer was filed, which was overruled by the

court and leave granted to defendants to answer instanter, and it was ordered that said answer, when filed, should also stand and be considered as such general and special demurrer to the said bill. An answer was thereupon filed denying many of the allegations of the bill, and asserting that said Edward Yates had been legally appointed as trustee and the appointment should be confirmed by the court. The complainants offered to make proof on all questions of fact at issue under the pleadings, but the court refused to receive proof and overruled the objections of complainants to the rendition of judgment upon the bill and answer, a decree being entered in accordance with the finding of the court. From that decree an appeal was prayed and allowed.

The method of pleading appears to have been according to some special code for this particular case. We are aware of no authority justifying such manner of pleading. The court, although allowing an answer to be filed, seemed to conduct the hearing and enter its decree the same as if the cause had been heard on bill and demurrer and the bill dismissed for want of equity. While counsel for appellants objected to this plan in the court below, the matter here has been presented in the briefs as if the case had been heard on bill and demurrer.

The will of William H. Yates, deceased, involved in this hearing, has heretofore been before this court for construction. (*Orr* v. *Yates,* 209 Ill. 222.) The fourth clause, which is to be construed here, is set out in full in the opinion in that case and need not be repeated, except certain parts in discussing the issues involved.

It appears from the allegations of the bill that Mary Maria Yates was, at the time this proceeding was instituted, twenty-four years of age, and her mother, Lydia Yates, was still living, and that Jefferson Orr, who was named as trustee under the will for the land in question, is now deceased; that on November 10, 1910, a short time previous to his death, under the provision of said will which

reads, "I hereby authorize and empower Jefferson Orr, my said trustee, in the event of sickness, failing health, old age, or any other good cause appearing to him, he may appoint some suitable person to execute said trust," he appointed Edward Yates, of Pittsfield, in Pike county, to execute said trust; that said Orr accounted for the rents for the year 1909 but there has been no accounting of rents for the years 1910 and 1911, and the same have accumulated in the hands of said Orr and his executrix and of said Edward Yates, and that an accounting is desired.

The first question to be considered is, what title was vested in Jefferson Orr by virtue of the will and his acceptance of the trust? A part of the fourth clause of said will reads: "I being desirous of providing a competency for my daughter, Mary Maria Yates, and to create a fund that will not be liable for her debts in any manner whatever and that will secure to her a living, I devise to Jefferson Orr, trustee, (certain lands, describing them,) constituting what is commonly known and called the Putz farm, to have and to hold in trust for the sole use and benefit of Mary Maria Yates for and during her natural life, and in the event of the death of the said Mary Maria Yates without child or children or descendants of child, then to have and to hold for the sole use and benefit of Lydia Yates, my wife, if she shall be living, during her natural life, and at the death of Lydia Yates, my wife, and Mary Maria Yates, my daughter, (if said Mary Maria Yates dies without child or descendants of child,) the fee to said last described tract of land known as the Putz place shall be equally divided between my brothers and sisters and their heirs and assigns, * * * in equal parts."

It has long been the settled doctrine in this State that the estate of a trustee in real estate which is the subject matter of a trust is commensurate with the powers conferred by the trust and the purposes to be effectuated by it. (*Lord* v. *Comstock,* 240 Ill. 492; *Bergman* v. *Arnhold,*

242 id. 218.) The acts and duties to be performed by the trustee require the legal estate to be in him, (*West* v. *Fitz,* 109 Ill. 425,) for he is to collect and pay over the rents and profits as they accrue. Whether that legal estate or interest is for years, for life or in fee it is unnecessary here to decide. The legal estate, whatever its extent, vested in the trustee, and would be transferred to his successor in trust if the provisions of the will were followed.

Appellants contend that the instrument by which Jefferson Orr undertook to appoint Edward Yates his successor was insufficient to divest the legal estate in the land from himself and convey it to Edward Yates as his successor, because it contained no words of conveyance. The creator of a trust has full power to provide for the appointment of a successor or successors in trust in case the original trustee refuses to act, dies or is removed by a court of competent jurisdiction. (39 Cyc. 271, and cases cited; 1 Perry on Trusts,—6th ed.—sec. 287, and note.) If no provision is made by him for the appointment of a new trustee, the appointment by a court of chancery does not confer title to the real estate upon the appointee, (*West* v. *Fitz, supra,*) but if the substitution of a new trustee is provided for by the author of the trust, either by naming the person to be substituted or by giving the power of appointment to another, when the provision for succession is duly followed the substituted trustee takes under the will and derives the power to act from the act of the testator. (*Leman* v. *Sherman,* 117 Ill. 657; *Lake* v. *Brown,* 116 id. 83; 39 Cyc. 271, and cases cited.) Upon the appointment being made under the power, the new trustee becomes vested, *ipso facto,* with the title to the trust premises and is clothed with the same power as if he had been originally named in the will. No conveyance need be made to him by the former trustee, or by the former trustee's heirs or representatives, if he be dead. (*Craft* v. *Indiana, Decatur and Western Railway Co.* 166 Ill. 580; *Reichert* v. *Mis-*

*souri and Illinois Coal Co.* 231 id. 238; *Edwards* v. *Edwards,* 22 id. 121; 39 Cyc. 312, and cases cited.) Jefferson Orr was authorized by the will to appoint some suitable person to execute said trust. Under this authority it was not required that the instrument by which he named his successor should contain words of conveyance.

The bill alleges that Edward Yates was not a "suitable person" to be appointed as trustee; that in making this appointment Orr exercised the power granted to him by the will arbitrarily and unwisely, and against the knowledge and consent of the *cestuis que trust* and their known wishes; that the appointment was not made in good faith and in the interest of and to provide a competency for the *cestuis que trust,* but for the purpose of providing an income for the said trustee and for the improvement of the said trust property to benefit the contingent remainder-men; that Edward Yates had a contingent interest as to a remainder in the Putz farm, and his interests were hostile and adverse to the interests of the *cestuis que trust;* that he has been engaged in litigation concerning this farm with appellants, and that out of this litigation and on account of other matters much hostility exists between them, which will interfere with the proper management of the estate; that said farm consists of 460 acres of valuable land, and that the trustee should have a practical knowledge of farming and good business judgment; that Edward Yates has no such knowledge of farming and is not a man of even ordinary business judgment or capacity. The bill further alleges that said Edward Yates was years ago made assignee in a certain voluntary assignment for the benefit of creditors, and that he neglected the management of the property assigned to him and has never settled with the creditors or those entitled to the property.

The general rule in the appointment of trustees and their successors is that any proper person may be so appointed, it being necessarily implied that the person is le-

gally capable of executing the trust. This, however, does not give an arbitrary power to appoint a person "unfit or unsuitable to execute such trust." (*Bowditch* v. *Bauelos*, I Gray, 220; 28 Am. & Eng. Ency. of Law,—2d ed.—969; 39 Cyc. 275, and cases cited.) "The inquiry in such cases is not whether the person proposed is the *most* suitable, but whether he is suitable. It is generally the duty, however, of trustees to appoint new trustees who are agreeable to the *cestuis que trust* and who would administer the fund for their interest. To this end it is generally the duty of the trustees to consult the *cestuis que trust* as to the appointment, and a new appointee ought to consult the *cestuis que trust* before accepting the office." (I Perry on Trusts,—6th ed.—sec. 297.) Even when the author of the trust gives unlimited authority to a person to name a trustee, yet that person must still exercise discretion in so naming one. A court of chancery can undoubtedly exercise control over that discretion (*Webb* v. *Shaftesbury*, 7 Ves. Jr. 480,) in order to prevent its abuse. The exercise of this function by a court of equity must be according to the sound discretion of the court, not being controlled by positive rules, except that such discretion must not be abused. (3 Pomeroy's Eq. Jur.—3d ed.—sec. 1086; I Perry on Trusts,—6th ed.—275.) "The power of a court of equity to remove a trustee and to substitute another in his place is incidental to its paramount duty to see that trusts are properly executed, and may properly be exercised whenever such a state of mutual ill-feeling, growing out of his behavior, exists * * * between the trustee in question and the beneficiaries that his continuance in office would be detrimental to the execution of the trust." *May* v. *May*, 167 U. S. 310; *Sampson* v. *Sampson*, 4 Am. & Eng. Ann. Cas. (Eng. Ch. Div.) 404, and note; Lewin on Trusts, (9th ed.) chap. 29.

The testator in this will did not give unlimited power to his trustee, Jefferson Orr, to name a successor in trust.

In creating the power in the will he had in mind the proper qualifications, for he provided that the person appointed should be a "suitable person to execute said trust.". As was said in *Bailey* v. *Bailey,* 2 Del. Ch. 95, the power was not "granted absolutely and to be exercised irrespective of the trust, but is expressly intended to be exercised to preserve the trust and give effect to the testator's intention." Manifestly, if the allegations of the bill are accepted as true, the reasons back of and the method and manner of Edward Yates' appointment, his standing and practical qualifications, as well as his relations with the *cestuis que trust,* disqualify him to serve as the trustee. While he might be held to be legally capable of executing the trust, under the circumstances a court of chancery should not sanction his appointment. If it be contended that many of these charges in the bill against Edward Yates were denied by the answer, the conclusive reply is, that if we were to rule on this case as if it were heard on a bill and answer, then it was the imperative duty of a court of chancery, with these various charges against Edward Yates, to comply with the request of counsel for appellants and permit them to introduce evidence as to the truth of these allegations. In construing the authority vested in Jefferson Orr to appoint his successor, in *Orr* v. *Yates, supra,* we said (p. 240) : "His action in that regard, if arbitrarily or unwisely exercised, would be controlled by the courts upon application of the *cestui que trust.*" If these charges are true, Orr exercised his authority most unwisely, if not arbitrarily.

It is conceded by all counsel, as was held in *Orr* v. *Yates, supra,* that Edward Yates is a contingent remainderman and a large part of this farm may ultimately vest in him or his heirs. Upon an application being made to an English chancery court to appoint a remainder-man as trustee, the chancellor said: "I cannot appoint a person entitled in remainder, as his interest is somewhat opposed

to that of the plaintiff. It would be for his advantage to lay out trust money in making improvements on the property, instead of making accumulations for the benefit of the infant." (*In re Paine's Estate,* 33 W. R. [Eng. Ch.] 564.) The same may be said here. The salutary rule that has long governed the appointment of trustees by courts of chancery would not ordinarily justify the appointment by the court of a remainder-man as trustee, and certainly not when that appointment was opposed by the *cestuis que trust.* Conceding, for the sake of the argument, that all the other charges in the bill as to Edward Yates' lack of qualifications are unfounded, we are disposed to hold that while his appointment as trustee by Orr was valid, still that Orr unwisely exercised the discretion vested in him by the will in appointing a remainder-man, and it was the duty of the court of chancery, upon the institution of proper proceedings, to so hold and to remove Yates as trustee. *Barker v. Barker,* 6 Am. & Eng. Cas. (N. H.) 596, and note.

It is further contended by counsel for appellants that the trial court should have directed the trustee to turn the management of said farm over to appellants under that provision of the will which reads: "I hereby authorize said trustee to turn the management of said estate over to Mary Maria Yates and Lydia Yates for any period of time that he may deem best. It is a part and condition of this devise to said trustee that no part of the rents or profits or use of said lands shall be applied to the payment of any judgments against the said Mary Maria Yates or on any debt contracted by her, but the sole object and purpose of said devise is to create a fund that shall be kept free from the said Mary Maria Yates' contracts and judgments against her; that if said trustee shall turn the management of said Putz farm herein devised to the said Mary Maria Yates and Lydia Yates, then said trustee shall not be accountable for the rents and profits in any manner while the same shall be under the management of said Lydia

Yates and Mary Maria Yates." As a general rule, where a power is of a kind that indicates personal confidence in the one selected to exercise it, and may be exercised by him or not, in his personal judgment and discretion, a court of equity will not assume to exercise the discretion, and the power will not ordinarily pass to a successor appointed by the court. (*French* v. *Northern Trust Co.* 197 Ill. 30.) If, on the other hand, it clearly and specifically appears from the instrument that this power is annexed to the office of the trustee for the purposes of the trust and to promote its objects, then such power will pass, with the trust, to the successor of the original trustee and can be exercised by him. (*Safe Deposit Co.* v. *Sutro,* 75 Md. 361; *Whitaker* v. *McDowell,* 16 Am. & Eng. Ann. Cas. 324, and note.) Jefferson Orr was not only named as trustee by the testator, but he was also appointed by the will as guardian of Mary Maria Yates, with full power and authority to manage her property. It is evident that the power vested in the trustee to turn over this farm to the management of the *cestuis que trust* was based largely, if not entirely, on the personal confidence that the testator reposed in his trustee, Orr. On the facts as herein presented, under the reasoning of this court in *French* v. *Northern Trust Co. supra,* it must be held that this power would not pass to the successor in trust appointed by the court.

As we have already held that Edward Yates must be removed and a successor appointed by the court, it is unnecessary for us to discuss the question as to whether the testator intended to transfer this power to the successor in trust named by Orr.

In view of the conclusions reached in this opinion, the decree must be reversed and the cause remanded, with directions to the trial court to remove Edward Yates as trustee and appoint some suitable person to act as trustee under this will on giving a bond in an amount fixed by the court, conditioned for the faithful performance of the

duties imposed upon him as such trustee, and to require Edward Yates to account fully to his successor as to all moneys and property received by him and turn over all of said property to his successor before he is finally discharged.

The decree of the circuit court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded, with directions.*