## IN RE LOWE'S ESTATE.

No. 4370. Decided May 11, 1926. Rehearing Denied Sept. 14, 1926.
(249 P. 128.)

*Dickson, Ellis, Parsons & Adamson* and *W. Dean Loose,* all of Salt Lake City, for appellant.

*J. H. Wolfe, Story & Crow, C. D. Moore, James Ingebretsen,* and *W. M. Bradley,* all of Salt Lake City, for respondents Catherine A. Lowe Hampton and Walker Bros., Bankers.

WOOLLEY, District Judge.

This is an appeal from an order or judgment entered by the district court of Salt Lake County, in a probate proceeding, whereby that court approved and confirmed the designation or appointment, made by Catherine A. Lowe Hampton, a beneficiary of a trust created by the will of her mother, Anna M. Lowe, of the Walker Bros., Bankers, as trustee, in the place of the Bankers' Trust Company, which was named as trustee in the will.

It is made to appear by the record in this court that Anna M. Lowe died on May 8, 1924, leaving a will which was duly admitted to probate in that court on June 23, 1924, letters testamentary being issued to the persons named therein as executors and executrix, the latter being Catherine A. Lowe Hampton. By the terms of her will, which will be set out with more detail later in another connection, the testatrix, after making a number of bequests to different individuals, and after creating a trust fund in clause 10 for the benefit of a granddaughter, gives the residue of her estate, by clause 11, to the Bankers' Trust Company, a corporation of Salt Lake City, Utah, in trust nevertheless for the purposes therein mentioned, and provides, in clause 14, that the trust estate given to the said corporation shall be received by it subject to the obligation upon its part, at the order and direction of her daughter, Catherine A. Lowe Hampton, to transfer and convey the same to such other trust company as the daughter shall designate in writing, the successor in trust so appointed to take and hold the property subject to the trusts declared in the will.

The daughter, presuming to act under the power given to her by the will, but without assigning any cause or reason whatever for her action, by a written instrument dated November 24, 1924, which was later filed in the matter, designated Walker Bros., Bankers, a corporation of Salt Lake City, Utah, to act as trustee of the trusts provided for by clauses 10 and 11 of the will, and by a writing dated December 18, 1924, notified the Bankers' Trust Company of the substitution of trustees with respect to the trust created by clause 11, the residuary clause, and called upon that company to convey to its successor so appointed all right and title which it possessed in and to the property of the said trust estate. She then, on December 20, 1924, filed a petition in the probate proceedings, asking the court to make an order approving her doings in the premises, and directing the testamentary trustee to transfer and convey to its successor the title to the property of the trust estate. This peti-

tion was set down for hearing, and interested parties were duly notified thereof. One of the beneficiaries, the St. Marks Hospital, appeared and informed the court that it did not wish to take any part in the controversy. The Bankers' Trust Company filed a motion to dismiss the petition, upon the ground that the court was without jurisdiction to entertain the petition and that petitioner had no standing in that court, sitting as a court of probate, to make or prosecute the petition or to be granted the relief sought, and a demurrer to the petition, upon the grounds stated in the motion and upon the additional ground that the petition did not state facts sufficient to constitute a cause of action. The court denied and overruled the motion and demurrer. No one else appeared in the proceedings although the record shows that service of the notice of the hearing was made upon another interested party, namely, Aurelia Hampton, a granddaughter of the deceased, and a minor, for whom a guardian ad litem had been appointed. Upon the overruling of its demurrer, the Bankers' Trust Company filed an answer to the petition, whereupon the court, on motion, entered judgment upon the pleadings in favor of the petitioner and according to her prayer. From that judgment the Bankers' Trust Company has appealed to this court.

It is sufficient to state, with respect to the pleadings, that in her petition Mrs. Hampton alleged all necessary jurisdictional facts, the terms of the will relative to the trusts involved, and that, acting under and pursuant to the power conferred upon her by clause 14 of the will, she had, by her certain declaration in writing then on file in the said estate, designated Walker Bros., Bankers, a corporation organized under the laws of the state of Utah, and authorized by its character to accept testamentary trusts and to perform the duties of a testimentary trustee, to act as trustee of the trust for which provision is made in clause 11 of the will in the place and stead of the Bankers' Trust Company; that Walker Bros., Bankers, had consented to act as such trustee; and that she had notified the Bankers' Trust

Company of her action in the premises. In its answer the appellant admitted all of the material facts alleged in the petition, denied that Mrs. Hampton had the power under the will to remove it as trustee or to name its successor without cause, and alleged that at the time of making her will and for many years prior thereto Mrs. Lowe had reposed trust and confidence in the appellant, that long prior to making her will she had created a trust and named the appellant as trustee thereof and imposed upon it the duty to manage the estate, to invest the funds, and to pay over the income from the estate to the beneficiaries named in the instrument of trust, and that this trust existed and was unrevoked at the time of her death, and that immediately prior to the time that she made her will she made inquiry respecting the officers of the Bankers' Trust Company, stated that she was considering the use of that company as trustee in her will, and that she was satisfied with its trusteeship and management and operations, and alleged that it was a corporation duly qualified to act as trustee under this will, and that it had accepted and did then accept the trust created by the last will and testament of the deceased.

The appellant contends that the trial court was in error when it denied and overruled the motion and demurrer and entered judgment upon the pleadings, and hence that the judgment must be reversed, because it was the intention of the testatrix that the Bankers' Trust Company should continue to administer the trust estate, and that it should not be displaced as trustee in favor of another trust company so long as it should manage the estate with fidelity, ability, and care and in accordance with the provisions of the will, and because Mrs. Hampton was not clothed with the power under the will to displace the trustee named by her mother in that instrument without showing some justifiable cause for so doing. In other words, if the writer comprehends the argument, the claim is that the power granted by the testatrix to Mrs. Hampton in the will to name a trustee to succeed the Bankers' Trust Company is a limited power; that it is

a power which is limited to the extent that it may be exercised by her only when some cause therefor is shown to exist, such as would authorize a court of equity to remove a trustee appointed by the creator of a trust; and that since no cause whatever is shown in this case her action in the premises was arbitrary and the court should not have approved and confirmed it—citing *Perry on Trusts,* §§ 276, 277, 289, 290; Pomeroy's Eq. Jur. § 1086; *Webb v. Earl of Shaftsbury,* 7 Vesey, Jr.'s Rep. 480; *In re Stevenson's Appeal,* 68 Pa. 101; *In re Neafie's Estate,* 199 Pa. 307, 49 A. 129; *In re Price's Estate,* 209 Pa. 210, 58 A. 280. This court, however, is of opinion that the position is not well taken and that the authorities cited do not support it.

There is no question about the right of the testatrix to donate to Mrs. Hampton an unconditional power to change the trustee. She had the right when she created the trust to name the trustee and to reserve to herself the owner to remove it at will and with out any cause or reason whatever other than her own desire to make the change, and, having that right, she might donate to another the power to remove the trustee named in the will and to appoint a successor at the discretion of the donee. It is admitted that in this will Mrs. Lowe has donated to Mrs. Hampton the power of removal and appointment. The only question in the case is as to the limitations and restrictions, if there be any, the donor has placed about the exercise of that power. The answer to this question depends upon the intention of the testatrix, for her intention in regard to that matter, as the same can be discovered by an interpretation of the will, read in the light of the circumstances in which she wrote it, is binding upon the courts. Cases and other authorities cited by respondent in this connection are as follows: *Perry on Trusts,* §§ 287-292; 39 Cyc. 271; 40 Cyc. 1762; *In re Rutledge's Trust* (Eng.) 99 Law Times Rep. (N. S.) 1919; *In re Gadde's Estate* (Eng.) 48 Law Times Rep. (N. S.) 195; *Shaw v. Paine,* 12 Allen (Mass.) 293; *Walker v. Brunguard,* 13 Smedes & M. (Miss.) 723, 758;

*March v. Romare,* 116 F. 355, 53 C. C. A. 575; *Morrison v. Kelly,* 22 Ill. 610, 74 Am. Dec. 169; *Yates v. Yates,* 255 Ill. 414, 99 N. E. 360, Ann. Cas 1913D, 143; *Metcalf v. Gladding,* 35 R. I. 395, 87 A. 195; *Adams v. Highland Cemetery Co.* (Mo. Sup.) 192 N. W. 947; *Appeal of Wilcox,* 54 Conn. 320, 8 A. 136, 1 L. R. A. (N. S.) 802; *Barker v. Barker,* 73 N. H. 353, 62 A. 166, 1 L. R. A. (N. S.) 802, 6 Ann. Cas. 596; and *Thompson v. Garwood,* 3 Whart. (Pa.) 287, 31 Am. Dec. 502.

Turning to the will in this case we find that by clause 1 the testatrix gives to her daughter, Mrs. Hampton, all of her household furnishings and effects, with certain exceptions which are otherwise disposed of; by clauses 2 to 7, inclusive, she makes certain bequests to relatives and friends; by clauses 8 and 9 she gives to her said daughter two separate bequests of $5,000 each, upon the trusts therein created, with the remainder over to the daughter upon the happening of certain contingencies; and by clause 10 she gives to the Bankers' Trust Company the sum of $20,000, in trust to use the income for the maintenance and education of her granddaughter, Aurelia Hampton, who is shown to be a daughter of Catherine A. Lowe Hampton, and to pay over to her the principal when she attains the age of 25 years, and the further sum of $20,000, in trust for the same purpose, but to pay over the principal when she attains the age of 35 years, providing that if the beneficiary dies leaving issue before receiving either or both of said funds, the same shall go to her issue, but if she dies without issue the same shall go to the St. Marks Hospital, of Salt Lake City, Utah, for charitable purposes.

The residuary clause of the will is as follows:

"Clause 11.

"I give and devise to the said Bankers' Trust Company of Salt Lake City, all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, to be held

in trust nevertheless and subject to the other provisions of this my will for the following uses and purposes, namely: To pay the net income of all of said property to my daughter, Catherine A. Lowe Hampton, monthly, quarterly, semiannually or annually as the affairs of my estate may warrant; that is, rentals received monthly shall be paid monthly, interest or dividends from corporate stock which are paid quarterly shall be paid to my said daughter quarterly, and interest on loans to be paid semiannually or annually as the interest may be collected for and during the term of the natural life of my said daughter, Catherine A. Lowe Hampton, and at her death the net income to my granddaughter, Aurelia Hampton, for and during the term of her natural life. At the death of the last survivor of my daughter, Catherine A. Lowe Hampton, or my granddaughter, Aurelia Hampton, it is my will and I hereby direct that one-third of all my estate then remaining shall go and be distributed to the St. Marks Hospital of Salt Lake City, Utah, to be used and applied by said hospital for the establishment and maintenance of a free ward therein for the use of worthy indigent patients, to be known as 'George A. Lowe Ward;' that all of the remainder of my estate shall go and be distributed to my heirs according to the present law of succession in the state of Utah."

Clause 12 reads in part as follows:

"It is my will and I hereby direct that the said Bankers' Trust Company herein named, or any other trustee that shall be selected by my daughter, Catherine A. Lowe, Hampton, under the terms of this will, shall consult with and take the advice of my said daughter in making any investments or in disposing of any of the securities or funds of my estate, and I authorize and empower said trustee, with the approval of my said daughter, Catherine A. Lowe Hampton, to sell and dispose of all or any of the real estate of which I shall die seized or possessed, except as hereinafter provided * * * and to invest and reinvest the funds of my said estate in such securities as said trustee, with the consent and approval of my said daughter, Catherine A. Lowe Hampton, as said trustee shall deem best. * * * It is also my will, and I hereby direct, that my daughter, Catherine A. Lowe Hampton, during her lifetime, or so long as my estate shall own stock in the George A. Lowe Company, shall be empowered and authorized to vote all shares of said stock as she may determine. * * *"

Clause 13 provides and declares that Mrs. Hampton shall have the right to name the attorney to be employed by the trustee, if it shall be found necessary to have the services

of one, the fees for such legal services to be charged against the trust estate.

The foregoing provisions have been set out to show two things which have a bearing upon what Mrs. Lowe had in her mind when she made her will—namely, the plan which she followed in the disposition of the bulk of her property and the trust and confidence which she manifested in her daughter.

Clause 14 reads as follows:

"It is my will, and I hereby declare, that the trust estate given to the Bankers' Trust Company of Salt Lake City, Utah, both real and personal, shall be received by it subject to the obligation on its part, at and upon the order and direction of my daughter, Catherine A. Lowe Hampton, to transfer and convey all of such property at the time in its hands and possession to such other trust company in or out of the State of Utah as my said daughter shall designate in writing, and which shall be received by such trust company, subject to the same trust and conditions as are set forth and declared by the provisions of this my will, and thereupon said last mentioned trust company shall be vested with and exercise the same powers and be subject to the same trust, restrictions and liabilities as are granted to and imposed on the said Bankers' Trust Company of Salt Lake City by the terms of this my will, and I hereby further direct that in the event the said Bankers' Trust Company, or any trust company that might be entrusted with the care of my estate, should fail, and my daughter, Catherine A. Lowe Hampton, for any reason be incompetent to choose another trust company for the execution of the trust herein created, that the court having jurisdiction of my said estate select a trust company to execute the trust provided for in this my will; provided, always, that the intent of my will (namely) should be carried out, that is, for the protection and support of my daughter and grandchild."

The remaining provisions have no bearing upon the question under consideration, except that it may be stated, in further evidence of the trust reposed by the mother in her daughter, that the will provides that the executors, including the daughter, serve without bond.

It will be observed from a reading of the instrument that the primary object which the testatrix had in mind was to provide for the protection and support during their respect-

ive lives of her daughter and grandchild, and at the same time to give to her daughter a large measure of control over the trustee who should manage the trust estate. In line with that policy she granted to her daughter the power to remove the trustee named in the will and to substitute another. The only conditions or limitations which she herself laid down in express lanuage to guide the donee in the exercise of that power are that the successor must be named in writing and that the trustee must be a trust company. If Mrs. Lowe had intended that the donee of this power should be limited by any other consideration, if she had intended that her daughter should be obliged to keep the Bankers' Trust Company in control of the trust estate unless it should prove to be incompetent or untrustworthy, it is but natural to expect that she would have written those things in her will. The fact that she did not write any of them, it seems to the writer, suggests that she did not have them in her mind. The fact that the testatrix had trust and confidence in the ability and integrity of the Bankers' Trust Company, as is made manifest by her expression of approval of its management of another trusteeship, and by her naming that company as trustee in the will, is not indicative of an intention upon her part that it shall remain as trustee for the duration of the trust, unless removed or superseded for cause, in face of the other provisions of the will manifesting a like trust and confidence in the daughter and granting to her the power to remove that company and name another.

After a careful study of the provisions of this will and a consideration of the evident aim and purpose of the testatrix and the scheme which she devised for the ■ management and ultimate distribution of her property, the members of this court are convinced, and we so hold, that Mrs. Lowe intended thereby to donate to her daughter, Catherine A. Lowe Hampton, the power at her own discretion, without any other cause than her own desire to make the change, to remove the trustee named in the will and to substitute another trust company of her own selection. The

donee having acted within the scope of the power given to her by the will, there was nothing for the court to do, in the absence of a showing by some one interested in the trust estate that the substituted trustee was incompetent for some reason or that the change would jeopardize the interests of some of the beneficiaries, but to confirm that action and thenceforth to recognize the Walker Bros., Bankers as trustee. It was not error therefore for the court to overrule the demurrer to the petition and to enter a judgment for the petitioner upon the pleadings after the coming in of the answer.

It might be well to state, in order to avoid a possible misunderstanding in the future as to our holding in this case and as to the law relating to this subject, that counsel for Mrs. Hampton concede, and we have no doubt it is the law, that the supervisory power of the court having jurisdiction of the trust is sufficiently broad to protect the other beneficiaries of the trust from the selection by the donee of a trustee which is disqualified or unfit to administer the trust and otherwise to protect the trust estate from destruction. what we have said with respect to the unlimited power of the donee to remove the trustee and to appoint its successor should be read and understood with this limitation. There is no question raised in this case, however, about the fitness or ability of the Walker Bros., Bankers, to manage this trust estate. For that matter, it might be added, in justice to the appellant, neither is there any question raised about the fitness or ability of the Bankers' Trust Company. It is admitted in the pleadings that both are competent. If there had been any allegation in the pleadings that either was disqualified for any reason, or that it was not to the best interest of any of the beneficiaries for any reason to make the change, we would be confronted with quite a different question and would be called upon to apply entirely different principles of law.

It might seem to be desirable from the reader's standpoint for us to proceed now to an analysis of the authorities

and cases cited by appellant to show why we think that they do not support his position. That task has been very well performed by counsel for respondent in the brief, and the writer is of half a mind to repeat it here. But the limitations of space and a regard for reasonable limits for judicial opinions dictate a contrary policy. The writer will content himself by saying that to his mind there is nothing in any of the authorities cited by appellant that is inconsistent with what we have held in this case.

This court having decided adversely to appellant the only question presented by the appeal, the order must be that the judgment of the trial court be affirmed, appellant to pay the costs.

It is so ordered.

THURMAN, CHERRY, and STRAUP, JJ., concur.

GIDEON, C. J., being disqualified, did not participate herein.

FRICK, J.

I concur. In my judgment the only course open to this court is to affirm the judgment of the district court. To hold otherwise, in view of the allegations and admissions in the pleadings, would be to disregard the will of the testatrix. The contention of appellant that it could be removed for cause only is manifestly unsound. A trustee may always be removed for good cause shown. We must assume that the testatrix had that fact in mind when she made her will and that she intended to relieve her daughter of that burden and to confer upon her the absolute power to remove any trustee if in her judgment such action was desirable. The appellant was not required to assume the trust; it, however, could not accept it without the conditions imposed by the testatrix. That is also true of any beneficiary. Therefore the benefi-

ciaries named in the will in my judgment, must all yield to the conditions of the will, and therefore also yield to the will of the daughter, who alone is invested with the power of removal of a trustee. The beneficiaries can complain only in case their interests are being threatened or adversely affected by any act of a trustee named. They may then, and not until then, invoke the aid of the court.

The judgment is manifestly right and should be affirmed.

## On Petition for Rehearing.

PER CURIAM. Counsel for appellant have filed a petition for a rehearing upon the ground that in the opinion filed in the case the court has overlooked certain provisions of the will and inadvertently assumed that Mrs. Hampton was clothed with the power to remove the trustee before the residuary estate had vested in the Bankers' Trust Company and before there had been a decree of distribution made in the probate proceedings and the property delivered into the hands of the testamentary trustee. It is asserted that the testatrix intended that the residuary estate, which consists of both real estate and personal property, should first be set aside and distributed by the court under the will to the Bankers' Trust Company, as trustee, and should be delivered by the executors into the hands of that company, before the power of substitution becomes effective; otherwise she never would have used the language contained in clause 14 of the will, wherein she directs the testamentary trustee, upon the order and direction of her daughter, Mrs. Hampton, to transfer and convey all of such property at the time in its hands and possession to such other trust company as her said daughter might designate in writing.

This is a new proposition, raised now for the first time in this petition, and for that reason the court perhaps ought not consider it. *Swanson v. Sims,* 51 Utah 485, 170 P. 774; *Harrison v. Harker,* 44 Utah, 541, 142 P.

716. The only question raised in the briefs and at the oral argument, and the only point decided in the original hearing, was whether or not the testatrix intended in her will to confer upon Mrs. Hampton the power to make a substitution of trustees without assigning any reason therefor and without showing that the trustee named in the will was incompetent or was derelict in its duty in some respect. Upon this question the case was decided, adversely to the contention of the appellant, and the court did not feel called upon to go beyond the briefs and oral arguments and seek for other questions to consider, so that, if we have assumed, inadvertently or otherwise, in the original opinion, that Mrs. Hampton did not exercise her power of substitution prematurely, or if we have overlooked the provisions of clause 14 of the will in relation to their bearing upon this point, our assumption may be justified and our oversight excused upon the ground that counsel did not invite our attention in that direction.

Waiving the objection, however, that it is now too late to raise the question, and looking to the merits of the proposition, we perceive no reason why a rehearing should be granted. The will is not open to the interpretation suggested in the peition. The language used by the testatrix in clause 14, wherein she directs the testamentary trustee, upon the order and direction of her daughter, Mrs. Hampton, to transfer and convey all of the trust property in its hands and possession to such other trust company as the daughter might designate in writing, does not manifest or necessarily imply an intention upon the part of the testatrix that the residuary estate should be first set aside and distributed by the court and delivered by the executors to the Bankers' Trust Company before the power of substitiution should become effective in the daughter. Such language merely shows, in our judgment, that it was her intention that whenever Mrs. Hampton in writing designated another trust company to act as trustee in place of the Bankers' Trust Company, then the latter should transfer and convey the title to and de-

liver possession, if it then had possession, of the trust estate to its successor in trust. The language used is consistent with this interpretation and is appropriate as an expression of such intention. Some such direction would seem to be desirable, although perhaps not wholly necessary, in view of the statute of this state, section 6371, Compiled Laws 1917, which declares that all testamentary dispositions are presumed to vest at the testator's death, and from the fact that there is nothing in the will to indicate an intention on the part of the testatrix that the vesting of the bequests and devises made therein should be postponed beyond her death. We regard this language as a direction or command from the testatrix to the trustee, whom she had selected, to divest itself of the title to the trust property, which she knew would vest in her trustee at the moment of her death, and to convey the same to the trustee whom the daughter might select, and not as a restriction upon her power limiting the time when she might act or laying down conditions under which she might name a trustee of her own choosing. We are therefore of the opinion that Mrs. Hampton had the right and power under this will at any time after the death of her mother, either before or after there had been a distribution of the property in the probate proceedings, to remove the Bankers' Trust Company from its trusteeship and to name in its stead the Walker Bros., Bankers, and there being nothing in the will which has been called to our attention in the petition for a rehearing which is not entirely consistent with this interpretation or which suggests a doubt in our minds as to the correctness of our position, the petition for a rehearing should be denied.

It is so ordered.