GUARANTY TRUST COMPANY OF NEW YORK, as Trustee Under a Trust Agreement Dated December 19, 1935, Made by MARGARET MAHER ACHESON for the Benefit of VERONICA B. A. MACKEY, Plaintiff, *v.* VERONICA B. A. MACKEY, EDWARD A. BODINE, BARBARA R. BODINE, MELISSA A. BODINE, CHARLES MACKEY, PHOEBE D. MACKEY, MARGARET MAHER ACHESON and UNION TRUST COMPANY OF ST. PETERSBURG, FLORIDA, Defendants.

Supreme Court, Special Term, New York County, July 9, 1942.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Logan Fulrath* of counsel], for the plaintiff.

*Mitchell & Phelan* [*John H. Phelan* of counsel], for the defendant Union Trust Company of St. Petersburg, Florida.

*Philip J. Dunn, guardian ad litem* for the defendant Melissa A. Bodine.

EDER, J. These are two actions involving, respectively, two separate *inter vivos* trusts for the benefit of Veronica B. A. Mackey and remaindermen, one created by her father Edward Goodrich Acheson by an agreement dated July 10, 1928, and the other created by her mother Margaret Maher Acheson dated December 19, 1935. Guaranty Trust Company of New York, the plaintiff herein, was named as trustee in both trust instruments. Paragraph 3 of the trust agreement of July 10, 1928, and paragraph 4 of the trust agreement of December 19, 1935, are of like import and deal with the power of the beneficiary (the defendant Veronica B. A. Mackey) to appoint a successor trustee. This provision, so far as here pertinent, reads: " Beneficiary * * * may, in her discretion, at any time remove trustee and appoint a successor trustee hereunder, by filing with trustee a written nomination of such successor, which shall, however, be a responsible bank or trust company organized under the laws of the State of New York or of the United States of America or of the state or country wherein beneficiary may at such time reside, and upon such nomination of a successor and the written acceptance by such nominee of the office of trustee hereunder, trustee shall account and turn over to such successor all assets of the trust estate in its hands."

Pursuant to this power the beneficiary nominated the Union Trust Company of St. Petersburg, Florida, as trustee of both trusts to succeed the said Guaranty Trust Company of New York as such trustee, and filed with it the necessary written nominations therefor and the written acceptances of the nominated successor trustee which are in evidence before the court.

The plaintiff has brought these actions for a judicial determination of the rights of the parties thereto, and the issue of concern to be determined by this court is the validity and effect of the nomination by the beneficiary Veronica B. A. Mackey of said Union Trust Company of St. Petersburg, Florida, as successor to the plaintiff as trustee of said trusts, and the acceptance by such nominee, and plaintiff desires to render to this court for judicial settlement an account of its proceedings as trustee under said trust agreements.

The life beneficiary Veronica B. A. Mackey is a resident of the City of St. Petersburg, Florida.

The court's instant concern is as to the qualifications of the nominated successor trustee in order to determine whether it will recognize said nomination, and acceptance of said successor trustee as a valid and effective appointment to the office of trustee of the trusts herein in the place of the present trustee.

It is to be observed that the settlor in each instance, while conferring power of appointment on the beneficiary of the trust, did not vest the beneficiary with unlimited power of appointment but expressly qualified the power of the donee and specified, among other things, that such nominated successor trustee " be a *responsible* bank or trust company."

Counsel for the nominated successor trustee advance the contention that the trusts having given the right to substitute trustees, and the beneficiary having exercised the right, the court may not overrule and change the state of facts of its own initiative except for the strongest reasons.

The settlor of a trust has the undoubted right to grant the beneficiary unconditional power to change the trustee, and where, as here, the power of substitution is given without any other cause than the desire to make the change, it is competent for the beneficiary to do so and displace the present trustee and appoint another of her own selection, provided, always, of course, that the donee acts within the scope of the power given and conferred by the trust instrument. (*Matter of Lowe's Estate*, 68 Utah 49; 249 P. 128; *Yates* v. *Yates*, 255 Ill. 66; 99 N. E. 360; see, also, 65 C. J., §§ 350, 351, 368, pp. 578–584.)

Even though a trust deed or will vests in an individual the power to make a substitution of trustee, yet equity may control the exercise of this power " if the court is of the opinion that the substitution is not for the benefit of the trust," and in such a case " it will not sanction a new appointment, although made in good faith and without intention to oppress." (65 C. J., § 368, p. 583; *March* v. *Romare*, 116 Fed. 355; Wilcox's Appeal, 54 Conn. 320; 8 A. 136.)

The court is to ascertain, so far as possible, the settlor's intent in the use of the word " responsible," and to interpret the same with relation to the object of the trust indentures. In this connection I believe the settlor in each instance had in mind the combination of the following elements, viz. (1) a banking institution of reasonable financial stability, (2) plus a personnel of ability, efficiency and integrity; or to express it in another form, that the settlors intended a banking institution suitable and qualified to execute the trust. Therefore the inquiry in such a case must be not whether the proposed successor trustee is the *most* suitable, but whether it is suitable, within the two elements mentioned, and that financial soundness alone was not intended by the settlors to be the governing criterion.

It appears that the proposed successor trustee is a carefully and well-managed institution, and that its personnel is composed of persons of ability, experience and integrity, and the court gives considerable weight to the letter of endorsement of the Comptroller of the State of Florida, and that of the Federal Reserve Bank of Atlanta.

Though the proposed successor trustee is a small institution, it is my belief from the record before me that it is an institution coming within the intention of the settlors in the use of the word " responsible," and that the choice thus made by the life beneficiary should not be interfered with by the court.

Judgment accordingly.   Submit judgment and account on notice.