347 P.2d 1114

In the Matter of ESTATE of Thomas Fairclough PIERPONT, Deceased.

TRACY–COLLINS TRUST COMPANY and Vilate P. Devine, Appellants,

v.

Marguerite Gessford PIERPONT and Ella P. Meyer, Respondents.

No. 9022.

Supreme Court of Utah.

Dec. 30, 1959.

50

Senior & Senior, Francis M. Gibbons, Salt Lake City, for appellants.

Warwick C. Lamoreaux, Allen Howe, Salt Lake City, Morgan & Payne, Provo, for respondents.

CALLISTER, Justice.

Thomas Fairclough Pierpont died testate on September 14, 1954. His will was duly admitted to probate in the Fourth Judicial District Court in and for the County of Utah on October 22, 1954. Tracy-Collins Trust Company, under the terms of the will, was appointed executor.

The will, after providing for several specific bequests, contained the following provisions:

"*Sixth:* It is my desire that my Executor shall cause provision to be made for the payment to my wife, Marguerite Gessford Pierpont, of a family allowance of Two Hundred Fifty Dollars ($250.00) per month from

the date of my death until such time as my residual estate shall be distributed to my Trustee, as provided in Paragraph Seventh hereof."

"*Seventh:* I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, whereof I may be seized or possessed, or to which I may in any manner be entitled, or in which I may be interested at the time of my death, to Tracy-Collins Trust Company, of Salt Lake City, Utah, as Trustee, in trust, nevertheless, for the following uses and purposes:

\* \* \* \* \* \*

"(i) From the income of the Trust Estate and, if insufficient, from the principal thereof, my Trustee, subject to the provisions of subparagraph (k) of this Paragraph Seventh, shall make disbursements as follows:

"(1) To my wife Marguerite Gessford Pierpont, subject to the provisions of Paragraph Eighth of this Will, the sum of Two Hundred Fifty Dollars ($250.00) per month during her lifetime, Provided Expressly that if she shall remarry such payments shall cease upon her remarriage; and

"(2) To my sister Ella P. Meyer the sum of One Hundred Dollars ($100.00) per month during her lifetime."

At the time of filing its petition for final distribution, the executor also petitioned the probate court for a construction of the will. The sole question raised was whether the monthly sums to be paid to the widow and sister, pursuant to subparagraph Seventh (i), commenced on the date of testator's death or on the date of the distribution of the residuary estate to the trustee.

The probate court ordered the residue distributed to the trustee as of October 18, 1957, and then, after holding hearings upon the matter, ruled as follows:

(1) That the monthly payments provided for in Seventh (i) commenced at the date of the death of the testator;

(2) That the payments were in the nature of annuities and thus within the provisions of 74–3–14, U.C.A.1953;[1]

(3) and, that there was nothing in the will to indicate that the testator intended that said payments be postponed until the residuary estate was distributed to the trustee.

From the foregoing ruling, Tracy-Collins Trust Company, as trustee, and one of the residuary legatees prosecute this appeal.

1. "Legacies are due and deliverable at the expiration of one year after the testator's decease. Annuities commence at the testator's decease."

■ Absent an intention to the contrary appearing in the will, a testamentary trust begins immediately and does not await the conclusion of the administration, even though the assets may not be immediately available for use.[2]

■ Furthermore, where a trust is created by will and by the terms of the trust the income is payable to a beneficiary for a designated period, the beneficiary is entitled to income from the date of the death of the testator, unless it is otherwise provided in the will.[3]

Thus, unless an intention to the contrary appears in the will, the ruling of the probate court must be affirmed.

Appellants urge that the provisions of paragraph Sixth, wherein the widow is to be provided with a family allowance "from the date of my death until such time as my residual estate shall be distributed to my trustee, as provided in paragraph Seventh hereof," clearly indicates an intent that the testamentary trust was not to vest until probate was completed and the residual estate determined.

As we understand this argument, the testator would not have provided for a family allowance if he intended the monthly payments to commence at the date of his death. We cannot so construe the will. It seems consistent to us that the testator was of the opinion that his widow would require more income during the period following his death and the final distribution. Further, appellants' argument in this respect is inconsistent with the provision of Seventh (i) relating to his aged sister. It seems reasonable to assume that the testator, realizing that it might be years before final distribution of his estate was effected, would desire that his sister receive her monthly payments immediately upon his demise.

■ Appellants cite other provisions of the will as showing an intent to postpone the monthly payments to the widow and sister until distribution of the residuary estate to the trustee. We have examined the entire will, as well as the cited provisions, and are not so persuaded.

■ Exception is taken with the holding of the probate court that the monthly payments are "in the nature of annuities." Under our statutes, annuities commence at the testator's decease [4] and are defined as "a bequest of certain specified sums periodically; if the fund or property out of which they are payable fails, resort may be had to the general assets as in case of a

2. 74–2–25, U.C.A.1953; In re Lowe's Estate, 68 Utah 49, 249 P. 128; In re Platt's Estate, 21 Cal.2d 343, 131 P.2d 825.

3. Restatement of the Law of Trusts, Sec. 234; 74–3–12, U.C.A. provides: "In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's death."

4. 74–3–14, U.C.A.1953.

general legacy."[5] The bequests made in paragraph Seventh (i) of the will fit this definition and qualify as annuities.

These bequests, being annuities and becoming due and payable upon the testator's death, bear interest from the date of said death.[6]

Affirmed. Costs to respondents.

CROCKETT, C. J., and WADE and HENRIOD, JJ., concur.

McDONOUGH, J., dissents.

5. 74–3–1(3), U.C.A.1953.
6. Restatement of the Law of Trusts, Sec. 234(e); 74–3–15, U.C.A.1953 provides: "Legacies bear interest from the time when they are due and payable, except that legacies for maintenance, or to the testator's widow, bear interest from the testator's decease."