Emmett J. Sobnepp, J.
This motion by defendants Lewis is based upon the claimed valid action of a majority of the bondholders in removing the above-named plaintiffs as trustees and appointing successor trustees effective July 30, 1971. The history of the trust and the relevant facts respecting the within action have been detailed in the decision of the court dated August 27,1971. (67 Misc 2d 426.)
*433 Following various proceedings, this court by order dated January 19, 1971 accepted the resignation of the prior trustees and declared the above plaintiffs successor trustees. This mortgage foreclosure action was then instituted. The removal of plaintiffs and the appointment of successor trustees is sought to be accomplished by means of a certificate acknowledged on July 28, 1971 and executed by various bondholders allegedly constituting a majority of the outstanding bonds, for which such mortgage was given as collateral security. The bondholders executing such certificate were Aaron Lewis, Myron S. Lewis, either individually or as the secretary of certain corporations holding such bonds and other individuals bearing the name Lewis or their representatives by their attorney in fact.
Plaintiffs’ motion for summary judgment against Aaron Lewis and Myron S. Lewis was heretofore granted with leave being given to them to utilize any procedural methods permitted by the CPLR to bring certain alleged estopped bondholders before the court in this action. Entry of judgment was directed to be held in abeyance. There is pending before this court, a further motion by plaintiffs for summary judgment against the defendant Lincoln Rochester Trust Company based upon the contention that a mortgage held by Lincoln Rochester is subordinate and secondary to the mortgage held by plaintiffs.
While there is no doubt that the trust indenture grants the power to the holders of a majority in principal amount of the outstanding bonds to remove the trustees and appoint successors, equity is empowered to control the exercise of such authority, if such substitution is not for the benefit of the trust. (Guaranty Trust Co. of N. Y. v. Mackey, 178 Misc. 862, and cases cited therein.) The question, however, before the court is not whether the power of removal and appointment has been validly exercised, but whether the court should permit the substitution of the successor trustees as plaintiffs in the within action or permit the above-named plaintiffs to continue to maintain the action instituted by them.
In Tenney v. Rosenthal (6 N Y 2d 204) an action brought by a director of a corporation asserting a breach by the defendant directors of duties owed by them to the corporation, the court refused to dismiss the suit on the claim of the defendant that the plaintiff lacked capacity to sue, due to his failure to be re-elected as a director during the pendency of the action. The court held that the plaintiff was prosecuting the action for the benefit of the corporation in a fiduciary capacity which ‘ ‘ ‘ may not inaptly be compared to that of a guardian ad litem ’ ”, and stated (pp. 209-210) that “ the plaintiff is privileged to continue *434 in such fiduciary capacity to prosecute the action for the benefit of the corporation so long as there is no compelling reason to remove him from his trust. To remove him, it is not enough that the corporation, controlled by the very directors accused of negligence or misconduct, request that some one else, an unnamed person, prosecute the action on its behalf, a persuasive case has to be made out to establish that the jproper protection of the corporation’s interest or the proper conduct of the litigation would be better served by the elimination or a change in the identity of the guardian ad litem”, and that “strong reasons of policy dictate that, once he properly initiates an action on behalf of the corporation to vindicate its rights, a director should be privileged to see it through to conclusion. Other directors, themselves charged with fraud, misconduct or neglect, should not have the power to terminate the suit by effecting the ouster of the director-plaintiff. It is no answer to say that, if wrongs were committed, others are available to commence a new and appropriate action ’ ’.
Here, the moving defendants in their answer asserted affirmative defenses and counterclaims claiming payment, tender and release; that the plaintiffs were estopped from bringing the within action and that the bondholders were estopped from claiming that the Lincoln Rochester Trust Co. mortgage was subordinate to the trust mortgage. There can be no doubt that plaintiffs are prosecuting this action for the benefit of the trust in a fiduciary capacity which 1‘ may not inaptly be compared to that ’ ’ of plaintiff in the Tenney case. The moving defendants, who have contested, the action of plaintiff trustees in instituting this lawsuit should not have the power to replace plaintiff trustees with successor trustees of their choosing, particularly in the light of their failure to establish that the proper protection of the trust would be thus better served.
For such reasons and in the discretion of the court, the motion is denied.