# Price's Estate.

*Trusts and trustees—Removal of trustee—Differences between trustee and cestui que trust—Act of April 9, 1868, P. L. 785.*

Mere difference of opinion or judgment between a trustee and a cestui que trust is not enough to justify the removal of the former.

The Act of April 9, 1868, P. L. 785, was intended to facilitate the exercise of the power of the court over the removal of trustees, and to enlarge the influence and authority in that respect of the cestui que trust. But it was not intended to subject the office of trustee and the discretion of the court to a mandatory whim of the cestui que trust. The court still retains the authority to require that a valid and sufficient cause shall be shown for the removal.

While inharmonious relations between trustee and cestui que trust, not altogether the fault of the former, will not generally be considered a sufficient cause for removal, yet where they have reached so acrimonious a condition as to make any personal intercourse impossible and to hinder the proper transaction of business between the parties, a due regard for the interests of the estate and the rights of the cestui que trust may require a change of trustee.

It seems that where a trustee makes, in litigation between himself and a cestui que trust, a woman, a groundless charge that she was the mother of an illegitimate son, such charge may be made the ground for an application for the removal of the trustee.

Argued March 28, 1904. Appeal, No. 64, Jan. T., 1904, by plaintiff, from decree of O. C. Phila. Co., Jan. T., 1896, No. 473, dismissing petition for removal of trustees in estate of Thomas W. Price, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. . Affirmed.

Petition for removal of trustee.

From the record it appeared that the petition was filed by Mary Kemper, a daughter of testator, and by Austin W. Bennett, guardian of Jesse C. Clagett, a grandson of testator, and a son of Mary Kemper. The petition set forth various proceedings in the orphans' court wherein the petitioners sought

to surcharge the trustees in their third and fourth accounts, and to open the first and second accounts by bills of review. It was averred that in the answers to the bills of review, the trustees charged that Jesse C. Clagett was an illegitimate son of Mary Kemper. The petitioners averred that such charge was scandalous and groundless, and that in proceedings before an examiner the trustees were compelled to abandon the charge. The petition further averred that Mary Kemper, and Jesse C. Clagett, through his guardian, had instituted against Thomas R. Fort, Jr., civil suits for damages for libel, and that these suits were still pending. The trustees filed an answer responsive to the petition, and the case was heard on bill and answer.

The court in an opinion by PENROSE, J., dismissed the petition.

*Error assigned* was in dismissing the petition.

*H. Y. Kauffman*, for appellant.

*Henry Budd*, for appellees was not heard.

PER CURIAM, May 16, 1904:

Mere differences of opinion or judgment between trustee and cestui que trust are not enough to justify the removal of the former. To deprive the beneficiary of unrestrained control over his estate was the very object of the creation of the trust. The fundamental purpose of the creator of the trust was to protect his beneficiary from some anticipated danger, from creditors, from risks of business, from his or her own improvidence, or other like cause, or to protect ultimate beneficiaries from waste or spoliation of the estate by the immediate one. For this reason he substituted the judgment and control of the trustee for that of the cestui que trust, or of the courts.

The act of 1868 was intended to facilitate the exercise of the powers of the court over the removal of trustees, and to enlarge the influence and authority in that respect of the cestui que trust. But it was not intended to subject the office of trustee and the discretion of the court to a mandatory whim of the cestui que trust. The court still retains the authority to require that a valid and sufficient cause shall be shown for the

removal. This was the construction of the act adopted in Stevenson's Appeal, 68 Pa. 101, and after some departures, more apparent than real, as said by our Brother MESTREZAT in Neafie's Estate, 199 Pa. 307, finally settled in the case last named.

The petition for removal in the present case is founded on averments of inharmonious relations amounting to hostile litigation, overcharges and bad management on the part of the trustees, and insecurity of the trust funds. The case was argued on petition and answer. The answer being full and responsive, except in one particular that will be noticed, the court would have been warranted in dismissing the petition without more.

One matter only appears to require special notice. While inharmonious relations between trustee and cestui que trust, not altogether the fault of the former, will not generally be considered a sufficient cause for removal, yet where they have reached so acrimonious a condition as to make any personal intercourse impossible and to hinder the proper transaction of business between the parties, a due regard for the interests of the estate and the rights of the cestui que trust may require a change of trustee. "If his management of the trust justly subjects him to criticism and to a lack of confidence by the cestui que trust, he should not be continued in control of the estate:" Neafie's Est., supra. In the present case when the trustees were cited to file an account they set up in answer that Jesse C. Clagett one of the petitioners (by his guardian) and son of the other petitioner, was not legitimate, and therefore had no interest that entitled him to an account. No attempt was made to sustain this averment, except the statement that it was made upon information and belief and as it was admitted that the son was born in wedlock and bore the name of his mother's husband and his legitimacy therefore not legally open to question, it is not easy to perceive the relevancy of the averment, or why it should have been made. As this matter is the subject of litigation still pending, we refrain from further comment, but should the litigation show no sufficient justification for the averment of illegitimacy the court below would be well warranted in entertaining a new petition for removal based on the conclusion that the answer was a gratuitous in-

sult warranting an inference that the conduct and management of the estate by the trustees were governed by other motives than a bona fide desire for the best interests of the petitioners.

Decree affirmed.