## Corr Estate.

592

Argued January 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused April 12, 1948.

*W. Horace Hepburn, Jr.,* for appellant.

*Raymond M. Remick,* with him *Manus McHugh, David J. Smyth* and *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY MR. JUSTICE DREW, March 25, 1948:

This appeal by George Frederick Charles Franks is from a decree of the Orphans' Court of Philadelphia County, removing him as co-trustee under the will of Bernard Corr, deceased, as appointed by Anna Corr Jones, deceased.

By the Fifth paragraph of the will of Bernard Corr, who died on December 26, 1912, $400,000 was bequeathed to his executors, in trust, to pay the income therefrom to his daughter, Anna Corr Jones, for life, and upon her death, leaving children or descendants of children, to pay over the corpus to and among such of her children or descendants of children as she might select in such way and manner and in such proportions, either outright or in trust, as she might see fit. Anna Corr Jones, the life tenant and donee of the power, died on November 1, 1944, and, by the Fourth paragraph of her will, which

had been drawn by appellant as her attorney, she specifically exercised her power of appointment, bequeathing the fund to her son, Bernard Corr Jones, and appellant, in trust, to pay 1/3 of the income to her daughter, Catharyne Rita Jones, for life, with remainder to her issue and cross remainders in default of issue; 1/3 to her daughter, Dorothy Julia Jones, for life, with similar remainders, and 1/9 to each of her sons, Bernard Corr Jones, Charles James Jones, Jr. and John Lawrence Bryant Jones, for life, with remainders which need not here be set forth. At the time of her death, Anna Corr Jones was survived by her husband, Charles J. Jones, Sr., and her five children, all of whom are still living and sui juris, except her two daughters, Catharyne and Dorothy, who are incompetents. Anna Corr Jones had been appointed their guardian, and, after she died, her husband and Girard Trust Company were appointed in her stead.

Upon the death of Ann Corr Jones, an account was filed by Charles J. Jones, Sr., J. Stanley Smith, and The Pennsylvania Company for Insurances on Lives and Granting Annuities as retiring trustees under the will of Bernard Corr. This account was audited on April 2, 1945, by the orphans' court, and an award was made to appellant and Bernard Corr Jones, trustees appointed by Anna Corr Jones. No schedule of distribution has been approved by the court and no trust assets have as yet been turned over to these trustees by the retiring fiduciaries.

A petition was filed by Charles J. Jones, Sr. on August 1, 1945, for a citation on appellant to show cause why Pennsylvania Company should not be appointed as co-trustee to act with appellant and Bernard Corr Jones. No reason was given, except that the parties desired such appointment. All parties, save appellant, joined in the petition. On October 17, 1945, a petition was filed by John Lawrence Bryant Jones for a citation on appellant to show cause why he should not be re-

moved as trustee, for the reasons, inter alia, that appellant regarded his own interest and advantage paramount to those of the trust estate and the beneficiaries thereof, that his attitude and bearing in his relation with the members of the family of petitioner rendered co-operation impossible and gravely endangered the likelihood of the successful administration of the trust, and that appellant did not have the necessary clerical and mechanical facilities for the satisfactory performance of his duties as co-trustee. Answers to both petitions having been filed by appellant, the matters were referred to a Master by the learned court below.

After hearing, the Master filed his reports, in which he set forth numerous findings of fact, conclusions of law, and his recommendations. He found, inter alia, that in seeking to have himself appointed substituted guardian of the incompetent daughters of Anna Corr Jones, appellant showed a persistent desire to secure employment, together with a lack of familiarity with legal principles which rendered him ineligible; and that, although Bernard Corr Jones, the co-executor and co-trustee, manifested a stubborn, unreasonable and childish attitude toward appellant, in certain matters, appellant "is not free from blame for the antagonism which exists between himself and his co-trustee Bernard Corr Jones for the reasons that: (a) His attitude with respect to his employment as attorney for the estate of Anna Corr Jones, deceased, after he learned that his co-executor objected to his employment, was threatening . . . (b) His refusal to terminate the lease of the apartment was arbitrary and not justified by any investigation or consideration of the facts . . . (c) His refusal to exhibit tax bills to his co-executor was arbitrary and overbearing . . . (d) His delay in commencing the preparation of the guardians' accounts and his attitude with respect thereto contributed to the antagonism which existed between himself and his co-executor . . . (e) His refusal to give a copy of the will of Anna Corr

Jones to his co-executor was arbitrary and overbearing . . ."

The Master also found that: "The antagonism which presently exists between . . . [appellant] and his co-trustee, Bernard Corr Jones, is so intense as to warrant a finding that, unless conditions improve, administration of the trust by these trustees will be inharmonious in the extreme." Being of the opinion, however, that the case presented against appellant was not sufficiently strong to warrant his removal, and that the petition for the appointment of an additional trustee did not allege enough facts to justify the appointment of a co-trustee, the Master recommended that both petitions be dismissed.

The court en banc, after argument on exceptions to the Master's report, entered decrees on March 21, 1947, approving the findings and conclusions, dismissing the petition for appointment of an additional trustee and directing that the costs in that regard be paid out of the income of the estate, and refusing to dismiss the petition for removal of appellant but retaining it for further action and placing the costs in that controversy equally upon appellant and his co-trustee. At that time, the court below said: "These men should be given an opportunity to function as trustees in the hope that they will pull themselves together and act like reasonable persons. If they cannot, this matter may be brought before the court again. At that time the matter will, no doubt, be so presented that we will have the opportunity to remove them both if both continue to be at fault."

In February, 1947, while the above proceedings were under consideration, John Lawrence Bryant Jones represented to the trustees, appellant and Bernard Corr Jones, that there was $1177.59 of income in the hands of the Pennsylvania Company, as one of the retiring trustees under the will of Bernard Corr, to which he was entitled as beneficiary, after making allowance for expenses and taxes of the trust and a possible liability

for some of the costs of the prior litigation. He requested appellant and his co-trustee to authorize payment of this sum to him by the Pennsylvania Company. Appellant refused to consent to the payment, but his co-trustee agreed to do so. John Lawrence Bryant Jones then filed a petition on March 19, 1947, for a citation on appellant to show cause why he should not pay this income to him, or that appellant be removed as trustee for non-payment thereof. Appellant having filed his answer, the court below again referred the controversy to the same Master who had previously heard the case.

Thereafter, further testimony was taken, and the Master made his report, setting forth findings, conclusions and his recommendation that appellant be removed, that the remaining trustee authorize the payment of $1177.59 from the income of the trust, and that appellant pay the costs. The court en banc entered a final decree, as recommended, stating that: "We retained the prior petition in order to see whether the two trustees could 'act harmoniously and like reasonable persons.' This proceeding may be regarded as in the nature of a supplemental bill. . . . [Appellant] has repeated his childish and obstructive conduct, and we take into consideration that which is contained in both proceedings in coming to the conclusion that the interests of the estate and trust are likely to be jeopardized by the continuance of Franks as a fiduciary (Par. 8 of Section 53 (a) of the Fiduciaries Act), and further conclude that . . . [appellant] has failed to pay over income of the estate according to his duty under the trust (Par. 6 of the same Section)." Appellant then appealed to this Court.

The Fiduciaries Act of June 7, 1917, P. L. 447, §53 (a) provides: "Any orphans' court having jurisdiction of the accounts of . . . trustees shall have exclusive power to remove . . . such . . . trustee, as the circumstances of the case may require, in any of the following cases: . . . 6. When such fiduciary fails or neglects to pay over the principal or income of the estate, according

to his duty under the trust . . . 8. When, for any reason, the interests of the estate or property are likely to be jeopardized by the continuance of any such fiduciary. 9. When all the cestuis que trust, or a majority of them, having the life estate under any trust, shall desire the removal of the trustee or trustees upon any substantial ground not hereinbefore enumerated, and the court, upon petition filed by them or any of them, shall be satisfied that such substantial ground for removal exists; in which case the court may remove said trustee or trustees, and appoint another or others as chosen by said parties . . ."

In *Crawford's Estate,* 340 Pa. 187, 190, 16 A. 2d 521, this Court said: "While the removal of a trustee is a matter resting largely within the discretion of the court having jurisdiction over the trust, it is equally clear that an abuse of that discretion renders its exercise subject to review. As was said in Mathues's Estate, 322 Pa. 358, 359: 'The removal of a trustee is a drastic action, which should only be taken when the estate is actually endangered and intervention is necessary to save trust property.' See also Barnes's Estate, 399 Pa. 88, 96. And, this is particularly true where . . . the fiduciary is a testamentary trustee who enjoyed the confidence of the settlor of the trust: Barnes's Estate, Mathues's Estate, both supra; Bailey's Estate, 306 Pa. 334; Neafie's Estate, 199 Pa. 307; Restatement of Trusts, section 107 (f). 'A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty': Mathues's Estate, supra, at 359. The status of such a fiduciary is not the same as that of a trustee, guardian or administrator appointed by the court." It is equally true, as we stated in *Hodgson's Estate,* 342 Pa. 250, 257, 20 A. 2d 294, quoting from *Price's Estate,* 209 Pa. 210, 212, 58 A. 280, that: " 'While inharmonious relations between trustee and cestui que trust, not altogether the fault of the former, will not generally be considered a sufficient cause for removal, yet where they have reached so acrimonious a condition

as to make any personal intercourse impossible and to hinder the proper transaction of business between the parties, a due regard for the interests of the estate and the rights of the cestui que trust may require a change of trustee.' "

We believe that it would serve no useful purpose to further review the evidence. It clearly appears that the interests of this trust estate are likely to be jeopardized by the continuance of appellant as co-trustee. The findings and conclusions of the Master are supported by the weight of the evidence, and having been approved by the court en banc, this Court will approve them also: *McEvoy v. Grant,* 302 Pa. 539, 153 A. 763.

Appellant's principal contention is that since no schedule of distribution has been approved by the court and no trust assets have as yet been turned over to him and his co-trustee, there was no duty upon him to direct the Pennsylvania Company, as one of the retiring trustees under the will of Bernard Corr, to determine reserves and income distributable after reserves and to pay such income to the life tenants. He also argues that since he acted under the advice of counsel, he was protected in his refusal to authorize payment of distributable income. With these contentions we cannot agree. The learned court below, in disposing of these arguments, properly said: "That Franks [appellant] has no knowledge or means of knowledge of the amount of income in the hands of the Pennsylvania Company, or whether the estimated deductions are correct. It is Franks' duty to find out. The Pennsylvania Company is willing to give him information and to pay over on authorization by the trustees. The operation of this trust for the benefit of the children of testatrix (some of whom are incompetents) is not to be stalled indefinitely by litigation over the trusteeship. The difficulties of ascertaining gross and net income and the risk are no different from what they would be if the fund had been set up in the hands of these trustees. The conduct of a trustee would not be

tolerated who refused to pay out periodically the income which is in his hands, and we see no essentially different situation here, for the money is in his control. A reasonable man in the position of this trustee would accept the figures furnished by the Pennsylvania Company and act on them unless something appeared to show that the company was irresponsible or unreliable. Franks has so acted nineteen times in the past after inquiring 'whether there was that much income on hand' . . . When Bryant Jones made his request, Franks 'assumed that there was approximately that much income on hand'. . . . By this statement in his testimony he denies his plea that he does not know and cannot find out . . . The advice of counsel will not justify a trustee in refusing to perform such an act fundamental to his trust as ascertaining what income is available for distribution and paying it to the beneficiaries, particularly when he admits that he has reliable means of information."

The learned court below did not abuse its discretion in directing the removal of appellant as co-trustee, and, therefore, its final decree must be affirmed.

Decree affirmed; appellant to pay the costs.

Dissenting opinion filed by Mr. Justice PATTERSON.

---

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

Removal of George Frederick Charles Franks as co-trustee under the will of Bernard Corr as appointed by Anna Corr Jones, deceased, constitutes an unwarranted exercise of power by the court below and is in conflict with prior decisions of this court. The findings of the master that the interests of the trust estate are likely to be jeopardized by continuance of appellant as co-trustee, although approved by the court *en banc,* are not supported by the evidence and are, therefore, not binding upon this Court.

Analysis of the lengthy record makes readily apparent that existing acrimonious relations between peti-

tioner, J. L. Bryant Jones, and appellant, arise principally from the unreasonable attitude of the petitioner as regards his interest in the trust. His actions precipitated litigation which has extended from July, 1945, to the present time, during which time he has sought by his demands to place appellant in a precarious position as regards the administration of the trust. By reason of the litigation, the adjudication of the President Judge of the court below, dated April 10, 1945, confirming the account of Charles J. Jones, J. Stanley Smith and the Pennsylvania Company for Insurances on Lives and Granting Annuities, appointing appellant co-trustee of the continuing trust of Anna Corr Jones and directing that a schedule of distribution be filed, has never been complied with. On October 22, 1945, the above named accountants filed a schedule of distribution which schedule has never been approved by the court. As a consequence, no assets have passed into the hands of appellant and his co-trustee. All assets remain in the hands of the prior trustee, physical possession being by the Pennsylvania Company which is continuing to act with regard thereto as theretofore with the exception that before it will distribute income in its hands, it has required authorization of appellant and his co-trustee. Notwithstanding the foregoing, petitioner has demanded that appellant execute an authorization to the former trustee to pay him a stated amount of income.

Appellant has refused to comply with that request principally because (1) no money or other property has come into his control as co-trustee; (2) he, and not the Pennsylvania Company, was the duly appointed co-trustee with Bernard Corr under the will of Anna Corr Jones and, therefore, he could not, in the exercise of his fiduciary duties, properly direct that company to determine and pay out income; and (3) if distribution of income were to be made prior to the approval of the schedule of distribution, it should be made by the Penn-

sylvania Company which should also assume sole responsibility therefor and which it has refused to do.

Distinction exists between the quality of evidence required to remove a testamentary trustee and a trustee appointed by the court. "A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty. See Bailey's Estate, 306 Pa. 334; Perry on Trusts, (6th ed.) 276; Boots Estate, 275 Pa. 366": *Mathues's Estate*, 322 Pa. 358, 359, 185 A. 768. "The status of such a fiduciary is not the same as that of a trustee, guardian or administrator appointed by the court": *Crawford's Estate*, 340 Pa. 187, 190, 16 A. 2d 521. This Court has consistently stated that: "The removal of a trustee is a drastic action, which should only be taken when the estate is actually endangered and intervention is necessary to save trust property": *Mathues's Estate*, supra; *Crawford's Estate*, supra; *Barnes's Estate*, 339 Pa. 88, 14 A. 2d 274.

In *Hartman's Estate*, 331 Pa. 422, 428, 200 A. 49, this Court adopted the opinion of the court below wherein it was said: "It has been held by the appellate courts that removal or limitation of a fiduciary appointed by will requires much stronger proof of lack of capacity or fidelity than trustees appointed by the courts: 'It is a serious matter to dismiss trustees appointed by will; much more should be shown by those who wish them dismissed than would be the case where the trustees are appointed by the court. Perry on Trusts, 6th edition, 276, says: "The power of removal of trustees appointed by a deed or will ought to be exercised sparingly by the courts. There must be clear necessity for interference to save the trust property. Mere error or even breach of trust may not be sufficient; there must be such misconduct as to show want of capacity or of fidelity putting the trust in jeopardy": Bailey's Estate, 306 Pa. 334 (337) ; Stevenson's Appeal, 68 Pa. 101; Neafie's Estate, 199 Pa. 307; Price's Estate, 209 Pa. 210.' "

Notwithstanding recognition of the distinction and the imperious circumstances required to be shown before a testamentary trustee will be removed by a court, the majority opinion relies heavily upon *Hodgson's Estate,* 342 Pa. 250, 20 A. 2d 294, as a justification for the conclusion that appellant was properly removed as testamentary trustee. In so doing, this Court will have effectively removed the legal requirements of sufficiency of evidence heretofore established by the decisions of this Court as regards removal of trustees appointed by the creator of the trust and trustees appointed by the court. It will no longer be material that the trustee is one chosen by the creator and not the court.

The basic error of the majority opinion and the court below is a failure to recognize that which the record so clearly reveals—that appellant has never entered upon performance of his duties as trustee; that the Pennsylvania Company has never relinquished control of either the *res* or of the management of the trust; that J. L. Bryant Jones, the moving party to secure appellant's removal, has, by his obsession for litigation, not only successfully prevented appellant from ever performing any of his duties as regards administration of the trust, but also aggravated, if he has not created, unfriendly relations with appellant.

The conclusion of the majority must necessarily be that due to the appellant's conduct "the estate is actually endangered and intervention is necessary to save trust property," as required by *Crawford's Estate,* supra, and *Barnes's Estate,* supra. This conclusion cannot be reached from consideration of this record. Petitioner has involved the estate in litigation since July, 1945. There has been no loss to the estate by reason of appellant's administration thereof for petitioner has successfully prevented him from functioning as such. Appellant's abilities to manage and perform the duties of trustee have not been challenged except insofar as it is suggested that the Pennsylvania Company has greater

bookkeeping facilities. This latter suggestion is unworthy of mention except for the fact that it is one of the many minor faults directed toward appellant.

Well settled is the rule that a fiduciary may not delegate to another performance of a duty involving discretion and judgment: *Kohler Estate,* 348 Pa. 55, 33 A. 2d 920; *Clabby's Estate,* 338 Pa. 305, 12 A. 2d 71; *Seamans' Estate,* 333 Pa. 358, 5 A. 2d 208; *Iscovitz's Estate,* 319 Pa. 277, 179 A. 548; *Bohlen's Estate,* 75 Pa. 304; Restatement, Trusts, Section 171(h). "This is true even though the one to whom the power is delegated is a co-fiduciary": *Kohler Estate,* supra, 58. It is most unreasonable to hold, in view of these established principles, that "A reasonable man in the position of this trustee would accept the figures furnished by the Pennsylvania Company and act on them unless something appeared to show that the company was irresponsible or unreliable."

The only evidence upon which the conclusion of the majority opinion could possibly be based is with regard to acrimonious relations between petitioner and appellant. In *Hodgson's Estate,* supra, where a substituted trustee of a testamentary trust was removed, this Court said, page 257: "In Price's Est., 209 Pa. 210, 212, 58 A. 280, this court said: 'While inharmonious relations between trustee and cestui que trust, not altogether the fault of the former, will not generally be considered a sufficient cause for removal, yet where they have reached so acrimonious a condition as to make any personal intercourse impossible and to hinder the proper transaction of business between the parties, a due regard for the interests of the estate and the rights of the cestui que trust may require a change of trustee.' Scott on Trusts, Vol. 1, sec. 107, states: 'The question has not infrequently arisen whether the beneficiaries can force the removal of the trustee on account of friction or hostility between him and them. The mere fact that there is such friction or hostility is not necessarily a sufficient

ground for removal, since otherwise the beneficiaries could by quarreling with the trustee force him out. Thus in Forster v. Davies, 4 DeG. F.&J. 133, 139, Lord Justice TURNER said: "I certainly cannot agree with the argument at the bar that the mere fact of there being a dissension between one of the several cestuis que trust and the trustee is a sufficient ground for this court removing that trustee from the trust, because the consequence of that would be that one cestui que trust might at any time raise a quarrel with the trustee and thereupon come to this court to discharge the trustee and remove him from the trust upon the ground of the impossibility of their acting together. It would be the duty of the court, as I conceive, in all cases of that description, to inquire and ascertain from whose fault that dissension or that cessation of friendly intercourse has arisen." On the other hand, where there is such friction or hostility as seriously to impede the proper performance of the trust, especially if the trustee is at fault, the trustee will be removed.' "

A refusal to remove a testamentary trustee was affirmed in *Mathues's Estate,* supra. This Court there held that active antagonism of the beneficiaries of an estate toward a trustee, while undesirable, is not sufficient to compel the court to order the latter's removal, unless provoked by him and likely to jeopardize the estate.

The statement in the majority opinion that: "It clearly appears that the interests of this trust estate are likely to be jeopardized by the continuance of appellant as co-trustee" is not explained. In what manner is the estate "likely to be jeopardized"? There is no finding that appellant is the cause of the acrimonious relations. The master has found that he is not the sole cause and the court below has remarked that the attitude of both petitioner and appellant was "childish." A most cursory reading of the record leaves no room for doubt that the actions about which petitioner complains are of his creation. He has prevented the one in whom testatrix

reposed her confidence and trust from entering upon his duties. He has made numerous unreasonable demands and thereby prepared well in advance the evidence to be used against appellant. He failed in his first attempt to secure removal of appellant by order of court. He has sought to constitute appellant a mere figure-head who would nod approval to the administration of the trust estate by the Pennsylvania Company. Failing in the latter because of appellant's well-founded belief that he could not delegate the discretionary matters involved in the administration of the trust to another (*Kohler Estate,* supra), petitioner again renewed his attempt to secure his removal, having first secured his position by further written demands upon appellant.

The opinion of the majority sustains the action of the court below thereby permitting a beneficiary to bring about acrimonious relations between himself and trustee and to rely thereon as a cause for removal. It approves the practice of securing, by delay through litigation, administration of a trust by the person in whom the creator thereof has reposed confidence and it condemns a trustee for a reputed breach of trust occasioned in advance of his entry upon lawful performance of any duties thereunder. These results are clearly contrary to reason and to decisions of this Court.

The right of any person owning property to name his trustee-administrator has been sacredly guarded by the courts. Recognizing this right, the court below refused in the first instance to dismiss appellant-trustee. After a hearing upon the second petition, however, using the prior record not supplemented in any material respect, it entered a decree of discharge. This action necessarily defeated the intention of testatrix to have as a co-trustee an individual in whom she had the utmost confidence during her lifetime and to whom she entrusted the administration of her estate after her death. No sufficient cause for this drastic action appears in this record. The estate has not been jeopardized nor has any loss resulted

from any act of appellant or his failure to act. Control of the estate has never passed into his hands and he has never had any opportunity to mismanage or in any way jeopardize the same.

The decree of the court below should be reversed and the petition dismissed. A schedule of distribution should be filed and approved and the trust *res* turned over to appellant and his co-trustee so that they may enter into their duties as trustees. If thereafter the estate is endangered and intervention becomes necessary to save trust property, proper proceedings may be instituted to effect appellant's removal as a co-fiduciary. Removal under the facts presented in this appeal is premature and constitutes an unwarranted abuse of discretion by the court below.