Sylvia OSHIVER

v.

UNITED STATES of America and Albert Oshiver.

Civ. A. No. 84–1667.

United States District Court, E.D. Pennsylvania.

Aug. 19, 1985.

Michael S. Bomstein, Philadelphia, Pa., for plaintiff.

Virginia Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiff's application for a writ of mandamus and defendant United States of America's motion to dismiss. For the reasons stated herein, plaintiff's application will be denied

and defendant's motion to dismiss will be granted.

FACTS

On November 11, 1945, Albert Oshiver ("Oshiver") and plaintiff were married. They established their marital domicile in Philadelphia, Pennsylvania, where they had their first and only child on February 22, 1952.

Oshiver abandoned his wife and child in 1955. No divorce was ever procured, but Oshiver was obligated to pay child support.[1]

Between January 25, 1942 and October 21, 1967, Oshiver was employed in a military or civilian capacity with the federal government. Presumably throughout the period of employment Oshiver contributed a percentage of his basic pay to the Civil Service Retirement and Disability Fund ("Fund"). On October 21, 1967, Oshiver became separated from employment with the government. The parties do not specify the reasons for the separation.

Oshiver disappeared in 1968 and has not been seen or heard from by plaintiff, his relatives, or his friends.

Oshiver became eligible to receive Civil Service Retirement Benefits ("benefits") on April 3, 1982, the date of his sixty-second birthday.

Shortly thereafter, seeking to collect child support arrearages, plaintiff filed suit against Oshiver in the Court of Common Pleas of Philadelphia County and procured a judgment against Oshiver for $46,989.64 with interest from May 19, 1982.

Plaintiff then commenced garnishment proceedings against the Social Security Administration (the "SSA") and the Civil Service Administration (the "CSA") (hereinafter SSA and CSA are referred to collectively as the "agencies"). No application for Oshiver's benefits was ever filed with the Office of Personnel Management. Instead, plaintiff served garnishment interrogatories on the agencies. The agencies did not respond to the interrogatories in a timely manner, and, thus, pursuant to Pennsylvania law, plaintiff obtained a judgment in the Court of Common Pleas of Philadelphia County against both agencies. Neither agency appealed the judgment.

Plaintiff then served notice of execution on the agencies. No money was turned over to plaintiff. Consequently, "plaintiff directed the Sheriff of Philadelphia County to execute against the United States Mint," Plaintiff's Complaint at 3, and, in fact, the Sheriff attempted to do so. The United States, however, refused to permit the execution to go forward.

On April 5, 1984, plaintiff filed this lawsuit in the United States District Court for the Eastern District of Pennsylvania. Plaintiff sought a writ of mandamus directing the United States to pay over to plaintiff the entire amount of $46,989.64, which is in excess of all monies held for Oshiver's benefit, and awarding plaintiff attorney's fees and costs under the Equal Access to Justice Act.

In compliance with a court Order, plaintiff amended her complaint adding Oshiver as a defendant. Plaintiff avers, and the court believes, that plaintiff exhausted all efforts to locate Oshiver, and the government had no record of Oshiver's addresses after Oshiver's 1968 address at 115 Fifth Street, N.E., Washington, D.C., 20002. Therefore, the court allowed plaintiff to serve Oshiver notice by publication in *The Legal Intelligencer* and *The Washington Post* on April 16, 1985.

A hearing, at which Oshiver did not appear, was held on April 24, 1985. Plaintiff's claim against SSA was dismissed during the hearing because plaintiff conceded that there was no evidence that Oshiver ever made contributions under the Social Security system.

Plaintiff asks this court to direct the United States to pay over to plaintiff the entire judgment for child support arrearag-

---

1. The parties do not specify whether a separation and support decree or an agreement obli-   gated Oshiver to pay child support.

es, plus interest, including all monies held for Oshiver's benefit by CSA, and to award plaintiff attorney's fees and costs under the Equal Access to Justice Act.

In opposition, defendant United States contends that: (1) the court is without subject matter jurisdiction; (2) the federal statute, which authorizes garnishment of child support arrearages "due from or payable by" the United States, does not authorize garnishment of Civil Service Retirement Benefits for which application is a condition precedent of the government's obligation to pay; (3) no authority permits the court to order an application for Civil Service Retirement Benefits to be filed in Oshiver's absence and no authority allows an application to be filed *nunc pro tunc;* and (4) even if an application were filed, plaintiff would not be entitled to receive Oshiver's retirement benefits because under Pennsylvania law Oshiver must be presumed dead in 1975, seven years before Oshiver's sixty-second birthday and the date on which Oshiver became eligible for Civil Service Retirement Benefits.

DISCUSSION

Garnishment of Civil Service Retirement Benefits, such as those garnished in the instant case, is prohibited except as provided otherwise by federal law. Specifically, 5 U.S.C. § 8346(a) reads as follows:

> The money mentioned by this subchapter is not assignable, either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 of this title, or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws.

Federal law does permit legal process against Civil Service Retirement funds for the purpose of enforcing an individual's obligation to pay child support. Title 42 U.S.C. § 659(a) states, in pertinent part:

> Notwithstanding any other provision of law ... moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States ... (including any agency, subdivision, or instrumentality thereof) to any individual, ... shall be subject, in like manner and to the same extent as if the United States ... were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support....

Construing these statutes together, the court concludes, therefore, that Civil Service Retirement Benefits due from or payable by the United States may be garnished to satisfy the petitioner's obligation to pay child support.

The plaintiff's problem in this case, however, is that Congress has expressly stated that Civil Service Retirement Benefits may not be paid to anyone unless and until application for those payments is received by the Office of Personnel Management.

> (1) No payments shall be made from the Fund unless an application for benefits based on the service of an employee or Member is received in the Office of Personnel Management before the one hundred and fifteenth anniversary of his birth.
>
> (2) Notwithstanding paragraph (1) of this subsection, after the death of an employee, Member, or annuitant, no benefit based on his service shall be paid from the Fund unless an application therefor is received in the Office of Personnel Management within 30 years after the death or other event which gives rise to title to the benefit.

Title 5, U.S.C. § 8345(i). No such application for Oshiver's benefits has been filed with the Office of Personnel Management by Oshiver, by his wife, or by anyone else. Consequently, the court does not believe that monies are due from or payable by the United States to Oshiver under 42 U.S.C. § 659(a). Plaintiff's application must be denied.

Having concluded that an application must be filed with the Office of Personnel Management before benefits, even those garnished to satisfy child support obli-

gations, may be paid, the court need not discuss the remaining issues. Nonetheless, two issues merit brief consideration.

First, the government argues that plaintiff cannot file an application for benefits and garnish those benefits on behalf of her child unless Oshiver is declared dead and she is considered a surviving spouse. The court notes, however, that in its own research it has found nothing in the statute or the statute's legislative history to support the government's view. Therefore, without deciding the issue, the court believes that nothing precludes a wife of a former government employee from filing an application on his behalf for benefits.

Second, the government argues that if plaintiff can apply for benefits on behalf of her husband, Oshiver would not be found to be eligible because he must be considered dead at a date seven years after he was last heard of and before Oshiver became 62 and eligible for benefits. *See* 20 Pa.Cons.Stat.Ann. § 5701 (Purdons 1985). The court notes that plaintiff disputes whether Oshiver can be considered dead under Pennsylvania law. The court, however, has not been asked to make a finding that Oshiver is dead, nor has the court been provided with sufficient evidence to ·make such a finding.

CONCLUSION

For the reasons stated above, plaintiff's application for writ of mandamus will be denied.

An appropriate Order will be entered.