594 A.2d 746

**ESTATE OF Albert Herman OSHIVER, an Absentee,**

**Appeal of Sylvia OSHIVER.**

Superior Court of Pennsylvania.

Argued June 5, 1991.

Filed Aug. 8, 1991.

Sylvia Oshiver, pro se.
David Freeman, Philadelphia, for appellee.

Before McEWEN, KELLY and BROSKY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether the trial court may terminate a four year temporary trusteeship over the estate of an alleged absentee in light of the fact that there had never been any attempt by the appellant

to pursue the appointment of a permanent trustee. We find that the trial court properly found that the temporary trusteeship had been in place for an excessive length of time and correctly terminated the temporary trusteeship pursuant to 20 Pa.C.S.A. § 5702(c) in favor of an appointment of a permanent trustee.

The relevant facts can be summarized as follows. On May 19, 1982, the appellant, Sylvia Oshiver, obtained a judgment for $46,984.64 in child support arrearages against her husband, Albert Herman Oshiver, a former federal employee who had allegedly disappeared in 1968. The appellant then attempted to garnish and execute against Mr. Oshiver's federal pension. The United States refused to allow the execution to proceed. The appellant sought a writ of mandamus directing the United States to pay the entire judgment. The federal district court held that the appellant was not entitled to recover Mr. Oshiver's pension contributions to satisfy the judgment for child support arreagages where no application for retirement benefits had been filed with the Office of Personnel Management (OPM) by any person. *See Oshiver v. United States*, 618 F.Supp. 172 (E.D.Pa.1985). The appellant then filed an application for her husband's retirement benefits with OPM on September 19, 1985.

While the appellant's application for Mr. Oshiver's retirement benefits was pending, the appellant was informed by OPM on June 12, 1986, that unless a trustee was appointed by June 30, 1986, the appellant's application for Mr. Oshiver's retirement benefits would be dismissed. The appellant then filed a petition for the appointment of a temporary trustee pursuant to 20 Pa.C.S.A. § 5702(c) in the Common Pleas Court of Philadelphia County, Orphan's Court Division. On June 26, 1986, the Honorable Theodore Gutowicz appointed Sherry J. Oshiver, Esquire, temporary trustee for the estate of her father, Albert Oshiver, pending the appointment of a permanent trustee pursuant to 20 Pa.C.S.A. § 5702(a).

Shortly thereafter, OPM denied the appellant's application for Mr. Oshiver's retirement benefits. The appellant and the temporary trustee appealed OPM's decision to the Merit Systems Protection Board. The Merit Systems Protection Board held that neither the appellant nor the temporary trustee had standing to file an application for Mr. Oshiver's retirement benefits. The appellant and the temporary trustee filed an appeal to the United States Court of Appeals. In 1989, while the appeal was pending before the United States Court of Appeals, but after oral argument, the temporary trustee filed a separate application for Mr. Oshiver's retirement benefits. The United States Court of Appeals held that a missing employee's wife did not have authority to apply for retirement benefits on the missing employee's behalf. However, the Court made no determination on whether the temporary trustee could apply for Mr. Oshiver's retirement benefits because the temporary trustee's application for Mr. Oshiver's retirement benefit was not part of the record. *See Oshiver on Behalf of Oshiver v. Office of Pers. Man.*, 896 F.2d 540 (D.C.Cir 1990).

In May 1990, the temporary trustee received a letter from Judge Gutowicz's law clerk. Enclosed with the letter was a copy of a letter from Joshua Eilberg, Esquire, to Judge Gutowicz. The letter informed Judge Gutowicz that Mr. Eilberg had spoken with Albert Oshiver and that he was not a missing person. The temporary trustee wrote Judge Gutowicz asking for clarification of the letter.

In response to the letter from the temporary trustee, Judge Gutowicz called for a hearing on June 22, 1990. Present at the hearing was David Freeman, Esquire, who entered an appearance for appellee, Albert Oshiver; Sherry Oshiver, the temporary trustee; and Sylvia Oshiver, representing herself *pro se*. Joshua Eilberg was also present at the hearing. Mr. Eilberg was not sworn in as a witness, but the judge did ask him about the letter and he confirmed its content. The judge then excused Mr. Eilberg without any further questioning. Sylvia Oshiver did not object to Mr. Eilberg's dismissal by the trial court.

536

At the close of the hearing, the judge terminated the temporary trusteeship. The court's justifications for the termination were twofold: 1) the temporary trusteeship had gone on for four years and the appointment of a permanent trustee was recommended, and; 2) the judge believed that a conflict of interest existed because Sherry Oshiver was the temporary trustee, representing herself as trustee and the attorney representing Sylvia Oshiver and also she was beneficiary of the judgment for which the pension was sought. This timely appeal followed.

The appellant raises the following issues for our review: 1) whether appellant's due process rights were violated at the hearing; 2) whether the termination of the temporary trusteeship was contrary to Pennsylvania law; and 3) whether the termination was improper because the evidence did not support the trial court's ruling.

The appellant contends that her due process rights were violated because she was not given the opportunity to cross-examine Mr. Eilberg at the hearing. However, appellant raised no objection when the trial court excused Mr. Eilberg. Accordingly, we find that this issue has been waived because it was not raised at the hearing. *See Commonwealth v. Hawkins*, 295 Pa.Super. 429, 439, n. 6, 441 A.2d 1308, 1312, n. 6 (1982) ("Issues, even those of constitutional dimension, cannot be raised for the first time on appeal....") *See also* Pa.R.A.P. 302(a).

Moreover, the trial court relied on other justifications for the termination, *i.e.* the excessive length of the temporary trusteeship and the need for a permanent trustee to be appointed. Therefore, Mr. Eilberg's statement to the court that Mr. Oshiver was alive was not determinative of the trial court's decision to terminate the temporary trusteeship.

The appellant's next contention is that the termination of the temporary trusteeship is contrary to Pennsylvania law. Appellant argues that a temporary trustee cannot be terminated in the absence of a breach of fiduciary duty. Thus,

appellant asserts the trial court erred in terminating the temporary trustee. We disagree.

The removal of a trustee is a matter resting largely within the discretion of the court having jurisdiction over the trust, but an abuse of that discretion renders its exercise subject to review. *In re Croessant's Estate*, 482 Pa. 188, 393 A.2d 443 (1978). However, there is a distinction between cases involving the removal of a court appointed trustee and those involving the removal of a testamentary trustee. *In re Rentschler's Estate*, 392 Pa. 46, 139 A.2d 910 (1958). A testator has the privilege and the power, as a property right, to place the management of his estate in a selected person as a condition of his bounty, and the status of such a fiduciary is not the same as that of a trustee, guardian or administrator appointed by the court. *In re Corr's Estate*, 358 Pa. 591, 58 A.2d 347 (1948). A testamentary trustee should only be removed when the estate is actually endangered and intervention is necessary to save trust property. *In re Fraiman's Estate*, 408 Pa. 442, 184 A.2d 494 (1962). The removal of a court appointed temporary trustee for an absentee's estate in favor of the appointment of a permanent trustee, on the other hand, is within the discretion of the trial court, because the trust itself is of a temporary and provisional nature subject to the direction of the Orphans' Court. 20 Pa.C.S.A. § 5702(c); *see generally Esterly's Appeal*, 109 Pa. 222 (1885). Accordingly, absent an abuse of discretion, the decision of the Orphans' Court regarding the removal of a temporary trustee will not be disturbed on appeal.

Instantly, when the trial court granted the appellant's petition for the appointment of a temporary trustee on June 26, 1986, the appointment was made because the appellant claimed that an emergency existed. The emergency was that the appellant's application for federal pension of Albert Herman Oshiver was pending and appellant was told by OPM that if a trustee was not appointed her application would be dismissed. In response to the appellant's petition, the trial court created the temporary trustee-

ship as a stop-gap measure until a permanent trusteeship could be established. In the nearly four years that had passed between the establishment of the temporary trusteeship and the June 22, 1990 hearing, no steps had been taken by the appellant toward the establishment of a permanent trusteeship over the estate. Accordingly, the trial court properly found the length of time of the temporary trusteeship to be excessive and terminated the temporary trusteeship in favor of the establishment of a permanent trustee.

Moreover, the fact that the temporary trustee had submitted a separate application in 1989 for Mr. Oshiver's retirement benefits, which was still pending at the time of the trial court's termination of the temporary trusteeship, is immaterial. The trial court's purpose for granting the appellant's petition for the appointment of a temporary trustee on June 26, 1986 was to prevent the irrevocable dismissal of the appellant's application for her husband's retirement benefits by OPM on June 30, 1986. However, after her appointment, the temporary trustee did not attempt to intervene by filing an amended application to join the appellant's application to recover Mr. Oshiver's retirement benefits. Rather, the temporary trustee allowed the appellant's application to proceed and then attempted to interject herself into the action after OPM rendered a decision against the appellant's application by joining the appellant's appeals through the federal administrative agencies and the United States Court of Appeals.

After oral argument before the United States Court of Appeals, but before the court handed down its decision, the temporary trustee, fearing an unfavorable decision, submitted a completely separate application for Mr. Oshiver's retirement benefits. However, because the temporary trustee was appointed only for the purpose of allowing the appellant's application for Mr. Oshiver's retirement benefits to proceed, her mission ended when the United States Court of Appeals filed its decision against the appellant. *See Commonwealth v. Mateer*, 16 Sergeant & Rawle 416, 419 (Pa.1827) (an administration *pendente lite* is a limited trust

which can not exist longer than the pending suit); *see also* Remick's Pennsylvania Orphans' Court Practice, Volume 2 § 12:10. By filing a separate application for Mr. Oshiver's retirement benefits while awaiting the court's decision, the temporary trustee impermissibly attempted to extend the life of the temporary trusteeship and usurp the role intended by 20 Pa.C.S.A. § 5702 for the permanent trustee. This we cannot permit. Accordingly, the trial court properly terminated the temporary trusteeship in favor of the possible appointment of a permanent trustee whose responsibility will be to file any further applications for the alleged absentee's retirement benefits.

The appellant's third contention is that the evidence does not support the trial court's ruling to terminate the temporary trusteeship. We disagree.

The findings of a judge of the Orphans' Court Division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be disturbed absent a finding of manifest error. *Estate of Gilbert*, 342 Pa.Super. 82, 492 A.2d 401 (1985). An appellate court can modify a decree only if the findings on which it rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence. *Estate of Keefauver*, 359 Pa.Super. 336, 518 A.2d 1263 (1986).

The evidence produced at the hearing shows that the temporary trusteeship was in place for nearly four years and no attempt to petition for a permanent trustee was made. The evidence presented at the hearing supports the trial court's conclusion that the temporary trusteeship continued for an excessive length of time. Accordingly, we find no abuse of discretion in the trial court's termination of the temporary trusteeship.

For the foregoing reasons, we find the appellant's contentions without merit and, therefore, affirm the trial court order terminating the appointment of Sherry Oshiver as

540

temporary trustee over the estate of Albert Herman Oshiver.

Order affirmed.